### MARCHAND ET AL vs GRACIE.

#### APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF EAST BATON ROUGE.

An executor who presents his account, and prays for a discharge, must cause the heirs to be cited.

There must be a plaintiff and defendant as well as judge, and an issue joined, to give a judgment the force of res judicata.

The plaintiffs were testamentary heirs of Joseph Marchand, who died in 1815, and of whom the defendant was executor.

They instituted suit in 1829, to compel the defendant to render an account. The defendant pleaded and exhibited a discharge, by the Probate Court, from his office of executor, in 1828.

The plaintiffs offered the petition and probate records, to shew that the discharge was an *ex parte* proceeding, and that the plaintiffs were minors unrepresented. The court rejected this evidence on the ground, that the order of discharge was a judgment or decree of the court, which was binding on all persons, until reversed by an appeal, or nullified by an action of nullity, and non-suited the plaintiffs, from which judgment this appeal was taken.

*Watts* for appellant, contended:

I. That the judge erred, in rejecting the evidence to show that the plaintiffs were minors without tutors, &c. and were not parties when the defendant obtained his order of discharge as executor.

2. An order of discharge of an executor, by a court of probates, on an *ex-parte* liquidation of his accounts, constitutes no bar to an action to compel an account.

3. Such an order is a nullity in itself. Its nullity may be shewn when it is set up, and requires no appeal or previous action of nullity to neutralise it. It has no effect as to persons not parties.

*Porter J.* delivered the opinion of the court.

The defendant was executor of the last will and testament of the father of the petitioners, and this action is brought to compel him to render an account. He offered, as an exception to the action, the plea of *res judicata.* The Court of Probates sustained it, and the plaintiffs have appealed.

An executor who presents his account and prays for discharge, must cause the heirs to be cited.

The defendant was appointed executor in 1815, and rendered no account until 1828. When he did render it, it was presented to the parish judge, and by him accepted and homologated, without calling in the heirs, or any other persons of adverse interests, to the party presenting it.

There must be a plaintiff and defendant as well as judge, and an issue joined, to give a judgment the force of res judicata.

Such a proceeding has not the character of a judgment which enables him, in whose favour it is rendered, to plead *res judicata.* There must be a defendant and plaintiff, as well as judge, to give a decree of a court, that effect ; and in addition there must be an issue expressly joined, or one implied by the law.

It is therefore ordered, adjudged and decreed, that the judgment of the Probate Court be annulled, avoided and reversed, that the exception of *res judicata* be overruled; and that the cause be remanded for further proceedings, the appellee paying costs of appeal.