*Eastern Dist.*

*January,* 1840.

GILLESPIE
*vs.*
DAY.

GILLESPIE *vs.* DAY.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF ST. HELENA.

Proceedings had *ex parte*, going to homologate a tutor's account and grant a final discharge, when there is no opportunity given to the heir at law to contest the account, are illegal and do not form the exception of *res judicata*, when the tutor is called on to render his account by the heir of the deceased pupil.

This is an action to compel the defendant to render a complete and perfect account of the tutorship of his late pupil, Wm. Day, deceased. The plaintiff is the mother and heir at law of the deceased, and the defendant his grandfather.

He sets up in defence the plea of *res judicata,* and a former judgment of the Court of Probates, accepting and homologating his final account as tutor, and granting a discharge.

The record shows that, on the 28th November, 1837, the present defendant presented his petition and an account of his tutorship, which he prayed might be accepted and homologated, and he discharged from all further liability in the premises.

The judge of probates made an order granting the prayer of the petitioner, and that *ten days notice* of filing the tableau or account be given, according to law.

On the 11th December following, the judge decrees, "there being no opposition after *ten days legal notice,*" that the account and tableau be homologated, and that the petitioner be permitted to expend the funds on hand in the payment of the privileged debts, &c., and that he be discharged from all further liability, &c.

The record of this judgment was produced in evidence, and there was judgment sustaining the exception of *res judicata,* from which the plaintiff appealed.

*Andrews* and *Davidson,* for the appellant.

*Penn,* contra.

*Bullard, J.,* delivered the opinion of the court.

This is an action against a tutor to compel a rendition of his account of tutorship. The defendant admits that he was the tutor of the minor, William Day, since deceased, but among other things, pleads the exception of *res judicata.* The record shows, that, after the death of the pupil, the defendant, his tutor and grand-father, presented a petition to the Court of Probates, in which he represented that William

Day, his grand-son and late pupil, had departed this life, leaving himself and Mrs. Nancy Gillespie, his mother, as his heirs at law ; that, by the death of said minor, his trust as tutor, of course, expired, and he begs leave to submit a statement in the form of an account current of his actings and doings in that capacity.  He signifies his acceptance of the succession of his grand-son, and as the estate consists of notes, accounts, &c., he has fixed, in his tableau, the amount coming to each party.  He prays that legal notice may be given, and after due proceedings had in the premises, that the tableau and account may be homologated, and the payments made accordingly, and the petitioner may be discharged from all further liability in the premises.  No citation to any person was issued, but after some days notice, the Court of Probates decreed, that this account and tableau of distribution, as it is styled, be acknowledged and allowed; that the petitioner be permitted to expend the funds on hand in the payment of the privileged claims, and that the petitioner, William Day, be discharged from all further liability as tutor of said minor.

We think the Court of Probates erred in sustaining this exception.  The proceedings, by which the pretended discharge was obtained, were wholly *ex parte*, and we know of no law by which they were authorized.  No opportunity was given to the heir at law to contest the account thus rendered, and the Court of Probates is without authority to finally pronounce upon the rights of parties not before it.

It is, therefore, ordered and adjudged, that the judgment of the Court of Probates be reversed, the exception overruled, and the case remanded for further proceedings according to law, the appellee paying the costs of the appeal.

*Proceedings had ex parte, going to homologate a tutor's account, and grant a final discharge, when there is no opportunity given to the heir at law to contest the account, are illegal, and do not form the exception of res judicata, when the tutor is called on to render his account by the heir of the deceased pupil.*