DAVID STANBROUGH, Adm'r *v.* ISAIAH GARRETT, Adm'r.

A court of probate of another parish than that in which a succession is opened, cannot order the payment of a debt due by the succession, even when such debt is pleaded in reconvention to an action by the administrator. The court of probates of the parish in which it was opened, is alone competent to order the payment of the debts.

A letter of one of the parties cannot be used in evidence only to prove a particular fact, and the rest of its contents, though relating to the same subject, be excluded; the statements must be taken all together.

APPEAL from the Court of Probates for the parish of Ouachita, *Lamy*, J.

*Downs* and *Copley*, for the plaintiff and appellant.

Defendant, *in propria persona.*

BULLARD, J. This is an action brought by the administrator of the estate of Jesse Harper against the estate of the late J. M. Faulk, to recover the sum of five hundred dollars, alleged to have been placed in his hands by the plaintiff's intestate, and which he alleges was not employed according to his instructions.

The defendant pleads that Jesse Harper's estate is indebted to that of Faulk, administered by him, for monies advanced by him in the purchase of public lands, and for his services in purchasing and locating floats, in the sum of $550, which he pleads in compensation and reconvention, and he prays for judgment against the plaintiff in reconvention.

The defendant recovered the sum of fifty dollars on his reconventional demand, and the plaintiff appealed.

The judgment in this respect is clearly erroneous. The probate court of Ouachita is incompetent to order the payment of a debt due by the succession of Harper, which was opened in the parish of Madison. It is the court of probates for the latter parish, which alone is competent to order the debts due by the estate to be paid according to their rank.

Upon the merits, it appears from the correspondence between the two deceased persons and other evidence, that Harper placed in the hands of Faulk the sum of $500 for the purchase of floats. That he did purchase four at $125 each, and that the principal expressed himself satisfied with the acts of his agent. But in consequence of

the refusal of the late Register at Ouachita, to act for some time immediately preceding the 19th of June, 1836, when the pre-emption law of 1834 expired, the purchase of the public lands, to which the holders were entitled on paying the government price, could not be completed. Of this fact Harper was informed.

An attempt on the part of the plaintiff, to use in evidence a letter of Faulk, only to prove a particular fact admitted in the letter, and to exclude the balance, although the whole related to the same subject, was properly repelled by the court, who held that the statements must be taken all together and could not be divided.

It was obviously not the fault of Faulk, that the purchase was not completed. The funds in his hands appear to have been exhausted by the purchase of the pre-emptioners the right to enter the public lands as designated by Harper. Whether the same lots were afterwards sold by the officers of government or not, is not material in this case. Faulk is admitted to have died in April, 1837. His agency then ceased, and Harper survived until August, 1838. It was perhaps not too late at the death of Faulk to complete the purchase of the land, but there is no evidence to show, that the obstacles were removed at that time. We therefore forbear to express any opinion, whether the evidence offered to prove that the same lots were sold in 1838 to other persons, was legal and sufficient. Nothing which occurred after the death of Faulk, can change his liability.

The judgment of the probate court is therefore reversed; and proceeding to give such judgment as in our opinion should have been rendered below, it is further decreed, that there be final judgment for the defendant, and that the plaintiff pay the costs of both courts.