### FERDINAND CLARK v. PETER LAIDLAW and another.

The master of a vessel cannot hypothecate her for a pre-existing debt, and the necessity for the loan must be shown to have existed at the time it was made. The bond is not evidence of this necessity, nor of the absence of other means of obtaining the money. This must be shown *aliunde*, and otherwise than by the statement of the master, who cannot acquire authority from his own assertions.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*W. S. Upton*, for the appellant.

*Carter* and *Pierce*, for the defendants.

MARTIN, J. The intervenor, B. C. Clark, is appellant from a judgment of nonsuit. The facts of the case are these : The defendant Laidlaw, was the owner of a steamboat which he chartered to Maxon & Young, who put the defendant Gillet therein, as master. She was consigned to the plaintiff, F. Clark, in Havana, who instituted a suit against the present defendants on a bottomry bond, given to him on the steamboat, by the other defendant Gillet, on an allegation that the charterers, not having the means to pay the expenses of the voyage, had surrendered her to the master, who, being unable to procure money to pay the charges against her, and those attending her return home, otherwise than by an hypothecation, had received from him (F. Clark) the sum of $1371 43, and had given the bond and bill of exchange sued on. B. C. Clark, a creditor of F. Clark, by a judgment, had the present suit sold under execution, and, having become the purchaser of it, intervened. His right to do so was doubted by the first Judge, but the view which he took of the whole case, led him to the conclusion that it was unnecessary to examine it. A nonsuit was entered as to the interest of F. Clark, and the suit proceeded between B. C. Clark and the defendants. The only evidence of the refusal, neglect, or inability of the charterers to

pay the expenses of the boat, and of the necessity of her hypothe-
cation, consisted of the recital of the bottomry bond, and of the
statements of the defendant Gillet to F. Upton.  No detail of
the expenses was given.  This did not appear to the first Judge
sufficient to sustain a recovery.  He, therefore, gave the judg-
ment appealed from.  As the defendants and appellees have not
required of us a different judgment than that of the Commercial
Court, it has not become our duty to examine the rights of the
intervening party and appellant under the *fi. fa.*  The interest of
ship-owners would be put in great jeopardy, if they were bound
to pay any bill drawn on them, or bottomry bond given by the
master, even in the case in which he was put on board by a
charterer, without requiring proof of the circumstances which
authorized the master to obtain money in a foreign port, on the
credit of his owners.  " The master cannot hypothecate for a pre-
existing debt, and the necessity of a loan must be shown to have
existed at the time it was made." Kent's Com. 357.   *The
Brig Hunter*, Ware's Rep. 249. · The bond is not evidence of this
necessity, nor of the absence of other means of obtaining the
money.  This must be shown *aliunde*, and otherwise than by the
assertion of the master, as he cannot acquire an authority from
his own assertion only.  The Commercial Court did not err.

*Judgment affirmed.*