<div style="margin-left:2em;">SHAW<br>v.<br>NOLAN.</div>

---

### A. AND F. REMY *v.* MUNICIPALITY No. TWO.

Plaintiffs offered in evidence an instrument purporting to be a will of their father, made before a notary public and three witnesses, for the sole purpose of showing an acknowledgement therein by the testator that the plaintiffs were his natural children. *Held:* That the will was admissable for the purpose for which it was offered, although never probated.

Plantiffs offered in evidence a transcript of the proceedings of the Second District Court of New Orleans, putting the plaintiffs in possession as heirs of their father. *Held:* That the document was admissable to prove *rem ipsam.*

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Durant & Horner*, *Elmore & King* and J. *Lambert*, for plaintiffs and appellants. *T. R. Wolfe* and *C. Roselius*, for appellees.

*Durant & Horner*, for appellants, contended that the instrument offered in evidence, though not as good as a will, was admissable to show an acknowledgment of the parentage of plaintiffs, and cited *Lartigue* v. *Baldwin*, 5 Martin, 193. *Breedlove* v. *Turner*, 9 Mart. 380. *Smoot* v. *Russel*, 1 N. S. 522. *Fougard* v. *Tourregard*, 3 N. S. 466. *Thompson* v. *Chaveau*, 4 N. S. 461. *Jones* v. *Read*, 1 Annual, 200.

*Roselius*, *contra*, cited *Stewart* v. *Rowe*, 10 L. R. 533. *Marcos* v. *Barcas*, 5 A. 265. *Landry* v. *Duaren*, Ib. 612. C. C. 1637.

ROST, J. This case comes up on a question of the admissibility of evidence, decided adversely to the plaintiffs and appellants in the Court below.

On the trial, the plaintiffs offered in evidence an instrument purporting to be a will of their father, made before a notary public and three witnesses, for the sole purpose of showing an acknowledgement therein by the testator that the plaintiffs were his natural children.

The Court rejected this instrument, on the ground that it was a will and had never been admitted to probate.

We are of opinion that the Court erred. It is true that a will not probated can have no legal effect as a will, and is inadmissible as evidence in support of any claim under the testamentary dispositions it contains. But the plaintiffs' claim is not one of that kind. They claim as heirs at law, and offer the will as a notarial act to prove the acknowledgment of their father that they are his natural children. Had the will been in any other form, a similar acknowledgment in it would have been inoperative. Its legal effect results exclusively from the form of the act and no satisfactory reason has been given to sustain the ruling of the Court below.

In France, a will can only be revoked by a posterior will, or by an act before a notary containing a declaration of the change of intention. It is held there, that a will by public act, void for defects of form, is valid as a notarial act to revoke a previous will, provided it contains a declaration of the change of intention.

The plaintiffs farther offered in evidence, a transcript of the proceedings of the Second District Court of New Orleans putting the plaintiffs in possession as heirs of their father. It was rejected by the Court, on the ground that it was *res inter alios acta*.

We are of opinion that the document was admissible to prove *rem ipsam*.

It is ordered, that the judgment in this case be reversed and the case remanded to be proceeded in according to law, and in conformity with the opinion of the Court.

It is further ordered, that the defendants pay the costs of this appeal.