| 15 | 433 |
| 52 | 279 |

| 15 | 433 |
| 105 | 390 |

| 15 | 433 |
| 110 | 625 |

| 15 | 433 |
| 115 | 137 |

| 15 | 433 |
| 124 | 111 |

</div>

## CONVERSE, KENNETT & CO. *v.* STEAMER LUCY ROBINSON, CAPTAIN AND OWNERS.

A judgment awarding a privilege on a steamboat, by virtue of an attachment, although entirely binding between the parties to it, may nevertheless be questioned by another creditor who was not a party to the judgment, by way of third opposition.

If an attachment of a steamboat be bad as to some of the owners, on the ground that they are residents of this State, it must be set aside *in toto.*

By the Act of the 18th of March, 1858, which was in force from its date, the prescription for privileges on vessels was extended to six months.

This court is only seized of jurisdiction to amend the judgment as between appellant and appellee; not as between the appellees. Article 890 of the Code of Practice declares that if the appellee demand the reversal of any part of the judgment or damages, he shall file his answer at least three days before *that fixed* for the argument, otherwise it shall not be received. This clause has réference to the first fixing for trial in this court.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.

*Hunton & Miller*, for plaintiffs and appellants. *Durant & Hornor*, *Clarke & Bayne*, and *Whittaker & Fellows*. for defendants.

BUCHANAN, J. Plaintiffs, by petition filed April 27, 1858, sequestered the steamboat Lucy Robinson for amount of account for supplies (provisions) furnished the boat at various dates, from January 6th to April 17th, 1858, $2204 40. Also, for balance of account for sundry country orders filled and charged to said boat, $573 66.

The Lucy Robinson was subsequently attached at suits of various persons in various courts, which suits were transferred to the Sixth District Court, and consolidated with this suit, as being the first seizure.

Plaintiffs filed an opposition to the allowance of a privilege to the other seizing creditors by virtue of their attachments, on the ground that the affidavits to obtain said attachments were made in error, the owners of the Lucy Robinson being residents of the State.

Some of the parties excepted to the right of plaintiffs to question the legality of the attachments. This exception was overruled.

The consolidated cases were tried, evidence offered to sustain the respective claims of the parties, and judgment rendered, distributing the proceeds of the Lucy Robinson. It was proved that *Livingston*, one of the owners of the boat, lived in Morehouse parish; and that *Mix*, another owner, lived in New Orleans.

Plaintiffs appeal, and some of the appellees have filed answers to the appeal, praying amendments of the judgment of the court below.

The questions presented for our decision, are:

1st. Can a judgment awarding a privilege on a steamboat, by virtue of an at-

55

tachment, be questioned by another creditor, who was not a party to the judgment, by way of third opposition? Or must a revocatory action be instituted for that purpose?

*Answer.* The object of the statute which authorizes the consolidation in the court where the first seizure was made, of all the claims for debt against the thing seized, is that each creditor may have the opportunity of asserting his own right of preference in the order of payment; which manifestly cannot be done, unless he is at the same time allowed to contest the rival pretensions of the other parties to this *concurso.* It is entirely inconsistent with the reason of this practice, that any creditor shall be concluded by the judgment between the common debtor and another creditor. We are not to be understood as deciding that the judgment for the debt, once rendered by a court of competent jurisdiction, is reopened for every purpose; on the contrary it is entirely binding as between the parties to it. Its effect upon third parties, is alone at issue.

2d. If an attachment of a steamboat be bad, as to some of the owners, on the ground that they are residents of this State, must it not be set aside *in toto?*

*Answer.* Yes. The ownership of a steamboat employed in transporting goods and passengers for hire, creates a commercial partnership between the owners of the steamboat. The object of this partnership is indivisible. The share of one partner cannot be detained in the custody of the law, while the share of another partner is exempt from such detention, by reason of the residence of that partner. This exception to the attachment must, therefore, operate upon the whole of the thing attached.

3d. The plaintiffs have imputed a sum of money received on the 17th April, to the account against the boat, for orders filled for planters. Had they the right to make this imputation?

*Answer.* Yes, under the evidence. The clerk of plaintiffs testifies, that what money was received from the boat was paid for orders to supply country customers.

4th. Previous to what date is the privilege for supplies prescribed?

*Answer.* By the Act of 18th March, 1858, which was in force from its date, the prescription for privileges upon vessels, which previously had been sixty days, was extended to six months. The rule first laid down in *Union Manufactory* v. *Lobdell,* 7th N. S. 111, and confirmed by many subsequent decisions. See Hennen's Digest, page 1262, No. 4; has been properly applied by the district court in this case. The privilege of plaintiffs for supplies applies to all the items subsequent to the 29th January, 1858.

5th. In this court some of the appellees complain of a preference allowed to other appellees to their prejudice, and pray that the judgment be amended in this regard. It is well settled that this cannot be done, without an appeal, on the part of the party complaining. This court is only seized of jurisdiction to amend the judgment as between appellant and appellee; not as between the appellees.

6th. The answer of some of the appellees praying for an amendment of the judgment as against the appellant, is objected to by the counsel of appellant in argument, as being filed too late.

Article 890 of the Code of Practice declares that if the appellee demand the reversal of any part of the judgment, or damages against the appellant, he shall file his answer at least three days before *that fixed for the argument,* otherwise it shall not be received. We construe this clause to mean the first fixing for trial in this court. Now, we find, upon inspection of our calendar, that this cause was

assigned for hearing four times in this court. It was only heard upon the fourth day fixed for its argument. The answer of appellees was filed more than three days previous to that day, it is true ; but the cause had already been fixed twice, previous to the filing of the answer. It was, therefore, too late, and cannot be considered.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed ; and it is further decreed, that the plaintiffs and appellants have a personal judgment against *Jesiee Durell, Solomon Malton, George T. Parker, Frank D. Rogers, Amos B. Mix,* and *Rollo S. Livingston,* owners of the steamboat Lucy Robinson, *in solido,* for two thousand, seven hundred and seventy-eight dollars and six cents, with legal interest from 9th April, 1858, and privilege of supplies for $1732 06 of said sum upon the property sequestered ; that the proceeds of the steamer Lucy Robinson in the Sheriff's hands be distributed as follows :

1st. To pay the costs of this suit, in both courts, including one hundred dollars fee allowed *John Livingston, Esq.,* curator *ad hoc.*

2d. The following privileged claims :

| | |
|---|---:|
| *Converse, Kennett & Co* | $1732 06 |
| *A. S. Washburn* | 120 00 |
| *J. Cottle* | 7 70 |
| *G. W. Langdon* | 12 75 |
| *J. S. Relf* | 66 77 |
| *Mrs. M. J. Fleming* | 51 70 |

With the costs of those parties respectively.

3d. The remainder of the proceeds to be distributed rateably among the following claims, not privileged, but due by the present owners of the Lucy Robinson :

| | |
|---|---:|
| *Converse, Kennett & Co* | $1045 91 |
| *Cottle* | 88 31 |
| *Fleming* | 612 35 |
| *James McNeill,* (with interest from 1st Dec., 1857) | 263 50 |
| *Fred. Cook,* (with interest from 1st Dec., 1857) | 48 50 |
| *Wm. M. Mix,* (with interest from 15th Nov., 1857) | 58 00 |
| *J. S. Relf,* (with interest from 7th April, 1857) | 304 61 |
| *Frank Pelham* | 250 00 |

The amounts due the ordinary creditors, who are to be paid *pro rata* according to the judgment herein, are the amounts opposite their respective names, and it is agreed that the blanks in said judgment be filled up accordingly, viz :

| | |
|---|---:|
| *Converse, Kennett & Co* | $1045 91 |
| *John Cottle* | 88 31 |
| *Mrs. Fleming* | 612 35 |
| *James McNeill* | 263 50 |
| *F. Cook* | 48 50 |
| *W. M. Mix* | 58 00 |
| *J. S. Relf & Co* | 304 61 |
| *Frank Pelham* | 250 00 |

WHITAKER & FELLOWS.
DURANT & HORNOR.
HUNTON & MILLER.
BENTINCK EGAN.

LAND, J., absent.