Statement of the Case.
MONROE, C. J.
Plaintiff prosecutes this appeal from a judgment maintaining an exception of “no cause of action” and dismissing its suit.
The petition alleges that plaintiff is incorporated in New York and is domiciled and doing business in New Orleans, and that it brings this suit for the purpose of having decreed null and void certain ordinances of the city of New Orleans; that it conducts a detective agency and furnishes watchmen to guard railroad, steamship, residence, and other property, has paid the state and city- licenses, furnished bond, and otherwise complied with the legal requirements; that its business is hampered and it is prevented from competing successfully with others engaged in the same business because the city of New Orleans, by means of certain ordinances (which are designated) adopted in 1880 and 1889, respectively, holds out to the public that Boylan’s Detective Agency and Protection Police, engaged in the same business, is vested' with exclusive rights, privileges, and advantages that do not appertain to others similarly engaged. Ordinances 6,715, of date November 10, 1880, and 3,762 of date May 24, 1889, reading (quoting in part):
“That the mayor be and he is hereby authorized, at his discretion, to commission as patrolmen, with police powers, each person employed as a member of M. J. Farrell’s Harbor Protection Police. * .* * That the persons commissioned, * * * in conformity with the provisions hereof, shall not be required to furnish the bond to be executed by patrolmen under Ordinance No. 3,914, nor shall such persons receive or be entitled to any salary or compensation of any kind from the city of New Orleans. That ordinance 6,715 * * * be * * *- amended as follows; strike out ‘M. J. Farrell’s Harbor Protection Police,’ and insert ‘Boylan’s Detective Agency and Protection Police.’ ”
It further alleges that the Boylan Agency is engaged in furnishing watchmen in this city and makes arrest through the men employed by it and is otherwise reaping the *156 benefits of the ordinances thus set forth; and that said ordinances are illegal, for this; (1) That they are ultra vires of the city; (2) that they have a tendency to create a monopoly; (3) that they deprive petitioner of its property without due process of law; (4) that they deny petitioner the equal protection of the laws; (5) that they illegally discriminate against petitioner,
“Petitioner avers; That its business has been grievously injured and damaged by_ reason of the existence of the aforesaid ordinances, in that petitioner has been unable to build up its business, although a wide field exists for so doing in this city, because of the superior advantages which the aforesaid ordinances give to its competitor, holding out to the community and the world that they are vested with certain rights, advantages and privileges not enjoyed by petitioner and others similarly situated. That the aforesaid ordinances have hindered and obstructed petitioner in soliciting business and have created the impression, generally, in this city and community, that the agency or corporation named in said ordinances had, by reason thereof, rights, privileges, and advantages that no other agency possessed in this city, and, by reason of the illegal ordinances and the aforesaid impression, * * * your petitioner has been unable to build up its business to the proportions to which it is entitled by reason of efficiency and integrity. That your petitioner estimates the actual damages which it has sustained, as aforesaid, at over $2,000, and damages resulting' from loss of business and inability to obtain business from persons, firms, and corporations that would naturally employ it, were it not for the existence of the aforesaid illegal and discriminating ordinances, to over $3,000."
And there is a prayer that the city be cited and the ordinances be decreed null.
Opinion.
There is no allegation in the petition that the mayor has ever made any appointments under the ordinances complained of, or that plaintiff has ever been denied any right that may lawfully be accorded to any one else. By Act No. 32 of 1904, the policing of the city of New Orleans is placed under the control of a board of commissioners, and section 6 of that act declares that the inspector (who is made the commander of the police force, and vested with extensive authority)—
“shall appoint and issue warrants of appointment, without pay, to all private watchmen, except those appointed by the board of commissioners, of the Port of New Orleans, and shall require from each private watchman the same oath and bond required of officers and members of the police force, and all such private watchmen appointed as aforesaid shall be subject to the orders of said inspector of police, issued to them through said superintendent of police or directly.”
The General Assembly having thus, in effect, nullified the ordinances in question (assuming that they were ever regarded as authority), we do not find that there rests upon the city of New Orleans any obligation towards the plaintiff with respect to them, or that plaintiff discloses any sufficient ground upon which to invoke the action of the courts.
The judgment appealed from is therefore affirmed.
O’NIELL, J., takes no part.