(91 South. 165)

No. 25015.

**SMITH et al. v. LITTLE PINE LUMBER CO. Intervention of GEO. C. VAUGHAN & SONS. Opposition of HONEYCUTT.**

(Feb. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ☞150(1)—Failure to introduce evidence held not to preclude review of judgment sustaining plea of res adjudicata.**

Where, in sequestration proceedings, an intervener asserted a vendor's privilege on a certain motor truck, and another person filed a third opposition, setting up a chattel mortgage for the purchase price of the truck and asserting a claim superior to that of intervener, such third opponent was entitled to appeal from a judgment in favor of intervener on its plea of former adjudication of the issue of priority, though no evidence was offered by third opponent in support of its claim, intervener in its answer to the third opposition having admitted the execution of the chattel mortgage.

2. **Judgment ☞707—Person is not bound by judgment in an action to which he was not a party.**

A person is not bound by a judgment determining title to property claimed by him, where he was not a party to the action.

Certiorari from Court of Appeal, Second Circuit.

Action by M. B. Smith against the Little Pine Lumber Company, in which George C. Vaughan & Sons intervened and A. Lee Honeycutt filed a third opposition. Judgment for plaintiff and intervener. Judgment for intervener on the opposition was reversed by the Court of Appeal, and intervener applies for certiorari or writ of review. Decree of Court of Appeal affirmed.

Hakenyos, Hunter & Scott, of Alexandria, for Intervener.

Thornton, Gist & Richey, of Alexandria, for A. L. Honeycutt.

By the WHOLE COURT.

ST. PAUL, J. The opinion and decree herein handed down by the Court of Appeal are as follows:

"By Thompson, Judge:

"M. B. Smith, individually and as transferee, instituted suit against the Little Pine Lumber Company, on claims for advances and labor aggregating $5,588.28. Asserting a lien and privilege, a sequestration was issued, and there was seized thereunder all of the lumber on the millyard, on the tramroads and railroads and the logs in the woods belonging to said lumber company.

"George C. Vaughan & Sons, Inc., intervened in the suit, alleging that the lumber company was indebted to it in the sum of $14,688.32 for advances, and that it had a pledge and pawn on the property seized superior to the privilege claimed by the plaintiff.

"Later, said intervener filed a supplemental petition in which it was alleged that $5,550 of the amount claimed in the original petition of intervention, represented the purchase price of a certain motor truck sold by the intervener to the lumber company, to secure which intervener had a vendor's lien and privilege on said truck. A sequestration was issued at the instance of intervener, and said truck was seized. The truck was not seized by the plaintiff under his writ of sequestration and no privilege was claimed by the plaintiff on said truck.

"The original petition was put at issue by the plaintiff, but no service of either the original or supplemental petition was made on the lumber company, and no issue was joined as between intervener and said lumber company.

"After a trial, judgment was rendered in favor of the plaintiff and the intervener against the lumber company for the amount of the respective claims of said parties, and recognizing the privilege claimed by each on the property seized under plaintiff's writ of sequestration with priority in favor of plaintiff. The vendor's privilege was also recognized in favor of intervener on the truck seized under the writ of sequestration issued by intervener for the amount claimed thereon. No appeal was prosecuted from this judgment.

"We are informed incidentally from the pleadings (there is no evidence of the fact) that the truck was seized under the judgment in favor of intervener and sold by the sheriff and bought in by the intervener at the price of $1,350, which amount is in the hands of the sheriff. Before the sale of the truck, A. L. Honeycutt filed a third opposition in which it is alleged that the Little Pine Lumber Company was indebted to him in the sum of $448.55 for advances made to the said company to secure which opponent held a chattel mortgage on the Motor Truck and which mortgage was superior in rank to the vendor's privilege claimed by Vaughan & Sons, Inc.

"It was further alleged that the judgment in favor of Vaughan & Sons, Inc., and against the lumber company in so far as it recognized a vendor's privilege on the truck, was null and void and of no effect, for the reasons which are substantially as follows: That under a written agreement between Vaughan & Sons and the lumber company, Vaughan & Sons were to make advances to the lumber company, and that company was to sell to Vaughan & Sons all of the lumber manufactured by it; that during the life of said contract the lumber company purchased, or agreed to purchase, from the Greenlaw Truck & Tractor Company of New Orleans a motor truck to be used for logging purposes; that pursuant to the agreement of Vaughan & Sons to make advances to the lumber company at the request of the said company Vaughan & Sons paid the said Greenlaw Truck Company the sum of $1,500, the cash portion of the purchase price for said truck, and the balance in monthly installments, and charged the same to the account of the lumber company; that said truck was delivered to the said lumber company, and that all of the lumber manufactured by the lumber company was turned over to Vaughan & Sons; and that the proceeds of the sale of said lumber was credited to the account of said lumber company.

"It is further alleged that in view of the fact that said truck was bought by and for the said lumber company and paid for by and with funds which Vaughan & Sons agreed to advance to the said lumber company in consideration of their agreement to permit Vaughan & Sons to handle the entire output of their saw-mill, and that the said Vaughan & Sons, not having sold the said truck to the said lumber company, did not have a vendor's lien and privilege on same.

"It is further alleged, in the alternative, that should the court hold that the said truck was purchased by Vaughan & Sons and sold to the lumber company, and that it did have a vendor's lien on same, then and in that case petitioner shows that said truck was paid for by the lumber company out of the proceeds of the sale of lumber, sold for its account by said Vaughan & Sons, and credited to the account of the lumber company.

"There are other allegations which it is not necessary here to refer to.

"In the beginning of its answer to the opposition of Honeycutt, Vaughan & Sons pleaded as a matter of law that all the facts and allegations contained in the opposition were put at issue in the original suit and passed upon before a court of competent jurisdiction after this opponent and the Little Pine Lumber Company had its day in court, and that said matters and things therein adjudicated are now final and conclusive and now adjudged; that the said judgment which recognized the vendor's lien and privilege of this opponent has not been appealed from, and is now final and executory, and same cannot be collaterally attacked in these proceedings, and which said judgment is now pleaded in bar of the proceedings by said A. L. Honeycutt. And it is further alleged that the matters therein decided cannot be reopened nor attacked, and is binding upon the whole world, and particularly as to the parties hereto and their privies and those holding under them.

"For the purpose of this opinion it is not necessary to refer to other matters set up in the answer, except to say that the answer admits the execution of the chattel mortgage as set up in Honeycutt's petition. The plea of res judicata was tried and sustained, and the opposition of Honeycutt, in so far as it sought to attack the judgment recognizing the vendor's privilege and reopen the matter of said judgment relating to said privilege, was dismissed, without prejudice to said Honeycutt, to prove the verity or rank of his mortgage with said vendor's lien of Vaughan & Sons. Thereupon counsel for Honeycutt asked for an order of appeal from the judgment sustaining the plea of res judicata, which was denied by the court. The court then ordered the case proceeded with. The counsel for Honeycutt declined to offer any proof, and counsel for Vaughan & Sons then asked for judgment in accordance with their petition, and judgment was so rendered, dismissing the opposition of Honeycutt without reserve, and ordering the proceeds of the sale of the truck paid over to Vaughan & Sons. From this last judgment, as also the judgment sustaining the plea of res adjudicata, the opponent Honeycutt appeals.

### "On Motion to Dismiss.

[1] "The appellee, Vaughan & Sons, move to dismiss the appeal on the ground that the opponent has not introduced any evidence whatsoever in support of his claim, and has not shown that he is creditor of the Little Pine Lumber Company, nor that he has or had a chattel mortgage on said truck, and is therefore without any interest in this suit without any right to take an appeal.

"The motion cannot be sustained. It would indeed be a strange rule of law and jurisprudence that would deny a litigant the right of appeal for want of interest, whose suit had been dismissed in the lower court on a plea of res judicata and he has been denied the right to show that the party against whom he was contesting for the proceeds of property had no privilege thereon which would outrank his.

"The record as we view it shows that the appellant has a most vital pecuniary interest in having the two judgments reviewed and set aside. One of these judgments denied appellant the right to show that Vaughan & Sons had no privilege at all on the truck on which he (Honeycutt) asserted a chattel mortgage, because of the fact it is said that said vendor's privilege had been recognized by a judgment between other parties, and to which Honeycutt was neither a party or a privy. And the other judgment dismissed his opposition absolutely and without reservation, and ordered the funds in contest to be paid over to another creditor.

"The lack of interest to appeal is claimed by reason of the fact that on the final trial appellant Honeycutt offered no proof in support of his chattel mortgage and debt. The situation didn't require him to make any proof. No proof was necessary. The door was closed against him in so far as he might attempt to show that Vaughan & Sons had no privilege. The court had settled the question of vendor's privilege in another suit. The answer of Vaughan & Sons to the opposition of Honeycutt admitted the execution of the note and chattel mortgage as set out in Honeycutt's petition. There only remained, therefore, so far as Honeycutt was concerned, the question of priority of privilege; that is to say, whether a chattel mortgage outranks an already existing vendor's privilege on the chattel at the time mortgage was given. This was purely a legal question, if it can be said to be a question open to controversy.

"In the circumstances as above outlined, there was obviously no necessity for opponent Honeycutt to introduce any evidence, at least not until the intervener had broken down the chattel mortgage by proof in support of the attack made thereon in its answer.

"The motion to dismiss is therefore denied.

### "On the Merits.

[2] "As the appeal brings up both the ruling of the Court sustaining the plea of res judicata and the final judgment rendered dis-

missing the opposition of Honeycutt, it is useless to discuss the question as to whether an appeal was permissible from the judgment sustaining the plea of res judicata.

"The record shows that if Vaughan & Sons had a vendor's lien on the motor truck, that lien antedated the chattel mortgage claimed by Honeycutt and of course was not destroyed or affected by the chattel mortgage. If it be conceded therefore that the chattel mortgage was executed in good faith and for a genuine debt, it would be of no avail to Honeycutt unless he got the vendor's privilege out of his way. The important question, if not the sole question to be considered therefore, is whether the right of Honeycutt to attack the vendor's privilege was concluded or shut off by the judgment which recognized the privilege and which judgment was pleaded in bar and the plea sustained by the lower court.

"The contention of counsel for Vaughan & Sons, as we understand the record, is that a regular trial was had between the said Little Pine Lumber Company, the plaintiff Smith and the intervener Vaughan & Sons in which the question of vendor's privilege was at issue and the judgment therein rendered recognizing said privilege is binding not only against the parties to that suit and their privies but against strangers and the whole world.

"If we were to follow counsel's argument and were to go into the question of the validity and legality of the original judgment, we would be compelled to hold that the judgment was an absolute nullity and was not binding on Honeycutt nor any one else who had an interest to attack it. The original petition of intervention of Vaughan & Sons was not served on the defendant, the Little Pine Lumber Co., nor was the supplemental petition claiming a vendor's privilege served on said company. The said company was not cited on either the original or supplemental petition of intervention and made no appearance in said suit. The plaintiff in the suit, Smith, et al., made no claim of privilege on the truck and was therefore without interest to stand in judgment on the question of privilege on the truck. In what we have said we of course speak from the record as it comes to us.

"It needs no citation or authority to show that a judgment rendered without citation and without any sort of appearance, is an absolute nullity and that such nullity may be invoked by any one against whom it is interposed, at any time and anywhere. Decuir v. Decuir, 105 La. 485, 29 South. 932.

"But the question of the nullity of the judgment is not before the court and therein lies the error into which the counsel for the intervener Vaughan & Sons have fallen. The authorities cited and relied on by counsel are good enough law but have no application at all to the case as here presented.

"Of course no one would dispute the proposition that a third opponent claiming property under seizure has no standing to question the regularity of the proceedings, unless he charges fraud or collusion to his prejudice as was held in First Nat. Bank of Ft. Wayne, Ind. v. Ft. Wayne Artificial Ice Co., 105 La. 133, 29 South. 379.

"Nor will an intervener be permitted to urge defenses purely personal to the defendant; the formality and regularity of attachment proceedings, the rightful issuance of the attachment, in absence of fraud and collusion between plaintiff and defendant, are matters pertaining exclusively to the defendant, and an intervener or opponent is limited to the assertion of his own right to show that the property is his or that he has a privilege superior to that of the seizing creditor.

"Nor can one who sues for the nullity of a judicial sale be permitted to claim the proceeds derived from the sale.

"And a judgment cannot be set aside for matters which might have been pleaded in defense.

"A judgment which is not an absolute nullity cannot be collaterally attacked. These are well-settled principles of law and sustained by the authorities cited by counsel for Vaughan & Sons, but they are entirely foreign to the question presented by the petition of opponent Honeycutt.

"The opponent does not attack the judgment as being irregular or illegal, nor does he make any attack on the proceedings which brought the truck into the custody of the law and sent it to the judicial sale.

"The petition of opponent merely alleges that the judgment is null and void and without effect in so far as it recognizes a vendor's privilege on the truck to the prejudice of his chattel mortgage.

"And the reasons that he gives as to why said judgment is null and void and without effect as against his chattel mortgage are that the intervener Vaughan & Sons were not the vendor of the Little Pine Lumber Company, and hence had no vendor's privilege on said truck, that said truck was purchased by the lumber company from a party other than Vaughan & Sons, but that if said truck had been sold to the lumber company by Vaughan & Sons the price had been paid and settled.

"If these facts are true, then the law grants no privilege to the intervener, Vaughan & Sons,

and the judgment recognizing such privilege, which had no existence in law or in fact, would be ineffectual in so far as Honeycutt was concerned, who held a chattel mortgage on the truck antedating the said judgment.

"The judgment did not create the privilege on the truck. Privileges are the creation of the law, and cannot be conferred by contract or by a judgment of a court.

"It is fundamental that every one has his day in court and has a right to be heard on what affects his interest, and no one can be condemned or deprived of his property without his hearing.

"And it is an elementary principle running through all law and jurisprudence that no one is bound by any transaction and proceeding, judicial or otherwise, affecting his property rights, where he is not a party to such proceedings and transactions, directly or indirectly, or is not held to be such by the law.

"It is not pretended in this case that Honeycutt was a party to the suit which recognized the vendor's privilege against the truck, or that he had any notice thereof.

"As early as Breedlove v. Turner, 9 Mart. (O. S.) 376, it was held as a general principle of jurisprudence that judgments are only evidenced between the parties to the cause or those who claim in the same right.

"And in Williams v. Trepagnier, 1 Mart. (N. S.) 272, it was said that a judgment is not evidence against third parties of the truth of facts on which it was rendered.

"In Succession of Broderick, 12 La. Ann. 522, it was held that a judgment awarding a privilege is not at all binding upon the other creditors who were not parties to the judgment.

"In Converse v. The Lucy Robinson, 15 La. Ann. 433, it was held that a judgment awarding a privilege on a steamboat by virtue of an attachment, although entirely binding between the parties to it, may nevertheless be questioned by another creditor who was not a party to the judgment, by way of third opposition.

"In the body of the opinion in the last-cited case the court said: 'We are not to be understood as deciding that the judgment for the debt, once rendered by a court of competent jurisdiction, is reopened for any purpose; on the contrary it is entirely binding as between the parties to it. Its effect upon third parties is alone at issue.'

"A person is not bound by judicial proceedings in which the title to property is involved, but to which he was not a party. Boyer v. Joffrion, 40 La. Ann. 657, 4 South. 872; Harrison v. Ottman, 111 La. 739, 35 South. 844.

"Suit brought by one creditor against the common debtor, seeking the collection and application of the proceeds of the collateral to the extent of his demand, does not effect or impair the rights of the other. Levy v. Winter, 43 La. Ann. 1049, 10 South. 198.

"A case very much in point here is that reported in Wheelwright v. St. Louis, N. O. & O. Canal & Transportation Co., 47 La. Ann. 537, 17 South. 137. The court said: 'Whether or not in reaching his conclusion * * * the district judge adopted the view of the defendant that this litigation was a collateral attack upon Guichard's judgment, and that the issue attempted to be raised here could only be raised in a direct action of nullity, or whether he was of the opinion that the judgment obtained by him was conclusive of the question of privilege, as res judicata, he was equally wrong. Plaintiff was not a party to the judgment which declared the existence of the privilege. The privilege, if it existed, sprung neither from the convention of the parties, nor was it created by the judgment—it was the creation of the law. Its existence is outside of the judgment, and is to be determined as to third parties independently of it. This suit is not a collateral attack upon plaintiff's judgment—the attack is direct upon his right to a privilege and upon his rank as a creditor.

"What was said in the above case is altogether pertinent to the case under consideration. The vendor's privilege if it existed did not spring from the judgment; it was created by law and was outside the judgment, and is to be determined, in so far as Honeycutt is concerned, independently of the judgment between Vaughan & Sons and the Little Pine Lumber Company.

"Another case of more recent date may be appropriately cited, and that is Gajan v. Patout & Burguieres, 135 La. 156, 65 South. 17. In that case, quoting from the syllabus, the court said: A litigation is not conclusive as against those who are not parties to it, or as to rights not possessed by the litigants, at the time, save in the cases of parties who are the privies of each other.

"In the above case it was said in the body of the opinion that where two persons litigate titles set up to them, respectively, to particular property, and it is decreed to belong to one of them, though in fact it belongs to a third party not a party of the suit, such third person may thereafter either sue for the property himself, or may transfer his right to the party cast in the litigation or to another, who may then exercise it and renew the litigation for the vindication of the title thus acquired.

"In Louisiana the doctrine of res judicata is

much more restricted than in common-law states. It is of statutory declaration, and its scope and extent is defined and limited by the codal provisions of the law. Woodcock v. Baldwin, 110 La. 270, 34 South. 440.

"In interpreting the codal provisions the universal rule of jurisprudence has been that, to constitute res judicata, the judgment must have been rendered between the same parties acting in the same capacity. And that a judgment is no proof against third persons of the facts on which it was rendered, and does not conclude them. See full collation of authorities in Louisiana Digest annotated, page 369, title Res Judicata.

"It is therefore ordered, adjudged, and decreed that the judgment appealed from which sustained the plea of res judicata be, and the same is, annulled, reversed, and set aside, and that said plea be now overruled. It is further ordered that the judgment appealed from which dismissed the third opposition of A. L. Honeycutt and ordered the proceeds of the sale of motor truck now in the hands of the sheriff turned over to intervener, Geo. C. Vaughan & Sons, be, and the same is, annulled, reversed, and set aside, and that this case be remanded to the court, to be proceeded with according to law and the views herein expressed. The costs of the appeal to be paid by intervener Vaughan & Sons, and all other costs to await the final determination of the suit."

We find the foregoing opinion and decree correct, and see nothing to add thereto.

Decree.

It is therefore ordered that the judgment of the Court of Appeal be, and the same is hereby, affirmed.

O'NIELL, J., concurs in the result.