**ST. ANGE v. CARONDELET REALTY CO.**

---

(July 14, 1927. Opinion and Decree.)
(October 3, 1927. Rehearing Refused.)
(November 29, 1927. Writ of Certiorari and Review Denied by Supreme Court.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Judgment—Par. 190, 215.**
A judgment of the Supreme Court contradictorily obtained, fixing the status of parties as the legitimate child and the surviving widow of deceased, is a judgment in rem, which cannot be collaterally attacked.

Appeal from Civil District Court Division "D". Hon. Porter Parker, Judge.

Action by Albertine Aubert St. Ange, individually and as tutrix, against Carondelet Realty Co., et als.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Ernest J. Robin, of New Orleans, attorney for plaintiff, appellee.

F. W. Gaudin, of New Orleans, attorney for intervenor.

J. Zach Spearing, of New Orleans, attorney for exceptor, appellant.

**OPINION**

JONES, J. Plaintiff, as widow and as tutrix of her minor child, sued defendant for compensation for the death of the deceased husband and father.

Defendant denied the marriage of plaintiff to deceased and the legitimacy of the minor child.

The trial court gave judgment for plaintiff and defendant has appealed.

Plaintiff was recognized as widow in community and her minor child, Regina Delorita St. Ange, was recognized as the sole and only heir of the deceased, Joseph Reginald St. Ange, in proceedings entitled Succession of Joseph Reginald St. Ange, No. 152,107, Civil District Court, and in these capacities they were sent into possesion of all the property left by deceased by judgment read and signed on April 14, 1924.

Plaintiff was appointed tutrix of the minor daughter in proceedings No. 150,993, Civil District Court.

On July 22, 1924, Clara St. Ange, wife of Remy Despeinasse; Almeda St. Ange, wife of Gus Boswell, and Herminia L. St. Ange, wife of Oscar Doucet, alleging themselves to be the sisters of the deceased, filed a petition of intervention in the succession proceedings, No. 152,107, in which they alleged that Albertine Aubert St. Ange and their brother were never married; that the judgment recognizing her as widow in community and the minor daughter as the sole heir was null and void, because it was obtained upon fraudulent representations. They prayed that they be recognized as the sole heirs of the deceased and entitled as such to a one-third interest each in his estate.

Albertine individually and as tutrix of her minor daughter, excepted to this petition of intervention upon three grounds:

(1) Want of capacity in petitioners to sue or stand in judgment.

(2) No right or cause of action.

(3) Vagueness.

Thereafter, Henry J. Goins, claiming to be a legitimate nephew of the deceased, filed a similar petition of intervention, to which similar exceptions were filed. Later all exceptions were overruled and the case was tried upon the issues above set forth.

The lower court decided in favor of intervenors and appeal was taken to the Supreme Court, which, on June 26, 1926, reversed the lower court and dismissed the petitions of intervention and reinstated the original judgment, which recognized Albertine as the widow in community and the minor daughter as the sole and only heir of the deceased and the owner of the estate, subject to the usufruct of the widow.

In the course of the opinion the Supreme Court says:

"The sole question involved herein is whether or not appellant was the wife of deceased."

It then proceeds to discuss and analyze the evidence and to decide the case on the merits as above outlined, though it does consider the exceptions of capacity to the extent of saying that petitioners had by no means proved their own legitimacy. The "ratio decidendi" was the well-established rule in this state that marriage is presumed when a man introduces a woman as his wife, calls her his wife and lives with her publicly as such.

On the trial of this case, after proving the accidental death, the salary earned, etc., plaintiffs offered in evidence the entire record in proceedings No. 152,107, particularly the judgment sending the widow and her child in possession and the decree of the Supreme Court just outlined. Defendants objected to this record on the ground that the judgment was "ex parte and res inter alios acta," but the court said: "I will let the objection go to the effect."

Defendant then proceeded to introduce over the objection of plaintiff testimony and documents tending to show that the parties had never been married, largely if not entirely the same evidence, which had been held insufficient to sustain the identical issue by the Supreme Court.

The sole issue before this court is whether defendant can collaterally attack in a suit between different parties a final judgment fixing the status of parties which has been contradictorily obtained in the highest court of the state.

In Bonella et als. vs. Maduel et als., 26 La. Ann. 112, a case on all fours with the present, the Supreme Court held that a judgment fixing status was not a judgment "inter partes", but a judgment in "rem", and evidence of the facts adjudicated against the world.

In that case the defendant offered in evidence the petition in the case entitled: Succession of Jose Maria Caballero, and the judgment of the Second District Court and of the Supreme Court decreeing her to be the legitimate child of the deceased. The plaintiff objected on the ground that they were not bound by the judgment, not being parties to the suit.

The Supreme Court in maintaining the decision of the trial judge, who overruled the objection, reached the decision above set forth.

See also State ex rel. Garvis vs. Judge Twenty-second Judicial District Court, 33 La. Ann. 768.

Smith vs. Nelson, 121 La. 170, 46 So. 200.

Succession of Fortier, 51 La. Ann. 1572, 26 So. 554.

Glover vs. Heirs of Dole, 1 Rob. 130.

Haddock vs. Haddock, 201 U. S. 562.

The defendant in his supplemental brief refers us to Succession of Lampton, 35 La. Ann. 419, where the Supreme Court, without referring to the decision in the Bonella case quoted above, permitted certain Kentucky creditors of the Succession of Edw. Lampton who had been dispossessed of certain lands in Kentucky by decree of the Kentucky Supreme Court, holding the daughter, Julia Lampton of Edw. Lampton, illegitimate, to oppose the account of Julia Lampton's executor.

In that case the executor had excepted to the opposition on the ground that Julia Lampton had been recognized as the sole heir by the District Court of Plaquemines Parish in the Succession of Edward Lampton.

In referring to this decree of the Plaquemines court, the Supreme Court of Louisiana uses the following language:

"* * * the experts order, recognizing the mother and daughter as entitled to the estate and putting them in possession thereof, cannot form res judicata as to anyone. It lacks the essential elements for such plea. It was made in a proceeding, not a suit in its legal sense. There was neither proper parties nor issue joined. It was made without notice to anyone, without proof, and without hearing. Baillio vs. Wilson, 8 Mart. N. S. 348; Suc. Dunford, 1 La. Ann. 92; Marchand vs. Gracie, 2 La. 147; Gillespie vs. Day, 14 La. 289; Verret vs. Aubert, 6 La. 353. The order is prima facie evidence of their capacities as widow and heir, but their recognition cannot preclude other heirs nor creditors from showing the contrary. Glover vs. Doty, 1 Rob. 13. The transcript of the proceedings of the Plaquemines probate court in Edward S. Lampton's Succession, therefore, prove rem ipsam, and nothing more. Remy vs. Municipality, 8 La. Ann. 27; Wells on Res Adjudicata, Sec. 14."

In other words, the basis of the decision was the fact that the order in the Succession of Lampton was purely ex parte, without notice to anyone and without joining issue.

The decree of the Supreme Court, referred to above, in the Succession of St. Ange, was rendered after a bitter contest, where all the purported heirs were before the court and where issue was joined on the very point in contest here, namely as to the legitimacy of the widow and child of the deceased.

Defendant also refers us to the Succession of Jos. Lorenz, 41 La. Ann. 1091, 6 So. 886; Dalton vs. Wickliffe, 35 La. Ann. 355, and Succession of Cahunburg, 34 La. Ann. 21, but in each of these cases the judgment was purely ex parte, without notice and without joining issue.

Defendant also refers to the case of Gajon vs. Patout, 135 La. 155, 65 So. 16, in which title to real estate was involved, and to the case of Smith vs. Little Pine Lumber Co., 150 La. 720, 91 So. 165, in which priority of privilege on a motor truck was involved. In both these cases the Supreme Court held that a person is not bound by a judgment determining title to property claimed by him where he was not a party to the action.

We do not consider these decisions controlling, where a question of status is involved, and where that status has been fixed by the highest court of this state after prolonged litigation.

In Ennis vs. Smith, 14 Howard Reports, p. 430, the U. S. Supreme Court said:

"The decree of the department of Gradno is an exemplification of that made on the 7th of May, 1843, in the case of the heirs of Kosciusko, and contains the genealogical chart of the descendants, his sisters. It is not a judgment inter partes, but a foreign judgment in rem and is evidence of the facts adjudicated against the world."

··This case, the Bonella case, and others cited above, seem to us controlling, for litigation must end.

For above reasons the judgment is affirmed.