HON. A. M. BUCHANAN,
HON. J. L. COLE,  } *Associate Justices.*
HON. C. VOORHIES,
HON. T. T. LAND.

SUCCESSION OF ROBERT RICHARDSON.

Where the widow has caused an inventory to be taken of her deceased husband's estate, she has the privilege of renouncing the community, as long as the creditors have taken no steps to compel her to accept or renounce.

She cannot be charged as partner in the community as long as she has the right to renounce.

The wife has no privilege on the movables of the husband's estate for the restitution of her paraphernal funds.

Where the husband applied for and obtained insurance on his life, accompanying the application with a transfer of the policy, when issued, to his wife, to whom he was indebted for her paraphernal funds received by him—*Held:* That the wife was entitled to the amount of the policy on the death of her husband.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *J. A. Rozier,* for opponent and appellant. *L. Castera,* for appellee.

MERRICK, C. J. The widow of the deceased has filed an account and tableau of distribution, in which she has set herself down as privilege creditor to the amount of $9,907 62, for paraphernal funds received by her husband, subject to a credit of $5,000, the amount collected by her upon an insurance upon the life of the deceased.

The opponent denies that the intestate received and appropriated to his own use, the amount of paraphernal funds claimed. On this part of the case, the proof shows that the deceased received only $7,907 62, instead of the amount claimed by the administratrix.

It is next contended, that inasmuch as the widow has not renounced the community, she is presumed to be a partner in it, and is not permitted to apply the

partnership assets to her individual claims, to the prejudice of creditors. In support of this position, appellant's counsel relies on the decision in the case of *Dejean*, 5 An. 594.

In the present case, it appears that the widow caused an inventory to be taken, and as the creditors have taken no steps to compel her to accept or renounce, we think she still has the privilege of renouncing the community. But this privilege would be of no value, unless she had the right of enforcing her paraphernal claims against the estate of her husband in the interim. So long as she has a right to renounce, she cannot be charged as a partner. C. C. 1043, 1048, 2383 ; C. P. 980, 982.

It is further contended by appellant, that the wife has no *privilege* on the movables for the restitution of her paraphernal funds. This position .is undoubtedly correct. 3 Rob. 272 ; 2 An. 789, *Friend* v. *Fenner ;* C. C. 2355, 2367.

It is further urged, as a ground of reversal, that the transfer of the policy of insurance to the wife was invalid.

The policy of insurance was filled up as of the 18th day of April, 1853, for $5,000, payable to *Robert Richardson*, his executors, administrators and assigns, and was to continue for seven years, on the payment of the annual sum of $90 25. The domicil of the company, the Mutual Life Insurance Company of New York, appears to be the city of New York, and the policy purports to be signed by the President and Secretary of the company.

The policy bears the following endorsement, viz :

" For value received, I hereby transfer and set over all my right, title and interest, in and to the within policy of insurance on my life, to my well beloved wife, *Emma Richardson*, daughter of *Alexander Lesseps,* and *Manette Trémé*, his wife.

New Orleans, 17th May, 1853.

(Signed)                    ROBERT RICHARDSON.

Witness :          W. A. BARTLETT,
                        J. METEYE."

It has been much discussed whether the husband and wife could enter into a contract in this form, by which a policy of insurance could be transferred.

It does not appear to us important to decide the question, and we will concede the benefit of it to the opposing creditor. C. C. 1784, 2421.

It may be fairly presumed, that a policy of insurance was negotiated in this city, and that it was filled up as of the date of the application by the agent here, and that some time was taken up in the correspondence. *Kennedy* v. *New York Life Insurance Company*, 10 An. 809.

Now the witness, who acted as the sub-agent here, and who consequently has the best means of knowing, and testifies in regard to a matter he would be most likely to recollect, swears, after examining the copy of the policy, as follows, viz :

" I received the application from *Mr. Richardson* for an insurance on his life in the month of April, 1853. He wished the policy for $5,000. I forwarded the the application to the parent office in New York, and the policy was issued. *Accompanying this application was the transfer of the policy to the wife of Robert Richardson, Mrs. Emma Richardson.* The transfer was approved and entered in the office. The first and second annual payments were made on the policy. The policy remained in the name of *Mrs. Richardson*, at the time of her husband's death."

SUCCESSION OF
RICHARDSON.

It thus appears, that the policy was issued originally in the name of the wife, for it was forwarded to the office in New York, accompanied by the transfer, and there issued in this form. It was then precisely the same it would have been, if her name had been inserted in the policy with the written approbation of her husband. For her incapacity to contract with the insurance company, may be considered as removed by the written transfer of the husband.

The interest of the wife was manifest. Her husband had her estate, and she was dependent on him for support. Reynolds Life Insurance, 51, 54. The insurance company paid over the sum agreed upon without question.

It is contended, also, that the wife is concluded by the inventory, which is an authentic act, and embraces the amount due upon the policy as a part of the assets of the estate. It cannot conclude the wife, because it copies her title at full length, and it may be presumed that she relied upon her title as evidence of her claim, when she signed the inventory.

It is, therefore, ordered, that the judgment of the lower court be so amended as to reduce the claim of the administratrix from $4,907 62 to 2,907 62, and from a privilege debt to a debt secured by a tacit mortgage, to be paid out of the proceeds of the slaves after the payment of the general privileges, and to receive its *pro rata* for the residue as an ordinary debt, if any thing shall come into the hands of the administratrix to distribute among the same. And it is further ordered, that the judgment of the lower court be in all other respects affirmed ; the administratrix and appellee paying the costs of the appeal.

---

## SAME CASE—ON RE-HEARING.

MERRICK, C. J. A petition for re-hearing has been filed in this case. The main ground relied on is the alleged error of this court in giving too much weight to the testimony of the witness, *Bartlett*. We have reëxamined the testimony. We do not find the testimony of the other witnesses necessarily irreconcilable with that of this witness. The testimony of the latter being direct, positive and unimpeached, must prevail.

Re-hearing refused.