Rochereau & Co. v. Delacroix.

No. 5128.

E. ROCHEREAU & Co., in liquidation, v. D. H. DELACROIX. On third opposition of Mrs. STEPHANIE DE LIVAUDAIS, wife of D. H. DELACROIX.

The court below did not err in refusing the intervenor the preference which she asserts, because her legal mortgage was not duly recorded in the mortgage office prior to the first of January, 1870. It was recorded in December, 1869, in the book of donations only.

The fact that in the month of March, 1871, the book of donations was closed, and the same book was used thereafter as a mortgage book, can not benefit the intervenor, whose mortgage had already perished for want of registry in the mortgage book.

That the plaintiffs had knowledge of the intervenor's tacit mortgage is of no consequence. Under numerous decisions of this court knowledge is not equivalent to registry.

Article 123 of the State constitution does not impair the obligations of contract, and is not violative of the constitution of the United States.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. E. Bermudez,* for plaintiff and appellee. *Tissot,* for third opponent and appellant.

WYLY, J. This is a controversy between the plaintiffs, who are conventional mortgage creditors of the defendant, and the intervenor, the wife of the defendant, who sets up her legal mortgage, in regard to the proceeds of the sale of certain property of the defendant under the foreclosure of plaintiff's mortgage.

We think the court did not err in refusing the intervenor the preference which she asserts; because her legal mortgage was not duly recorded in the mortgage office prior to the first January, 1870. It was recorded in December, 1869, in the book of donations only.

The fact that in the month of March, 1871, the book of donations was closed and the same book was used thereafter as a mortgage book, can not benefit the intervenor, whose mortgage had already perished for want of registry in the mortgage book.

That the plaintiffs had knowledge of the intervenor's tacit mortgage is of no consequence.

Under numerous decisions of this court knowledge is not equivalent to registry. 21 An. 425; 22 An. 402; 23 An. 533; 24 An. 78.

Besides, article 123 of the constitution expressly declares that all tacit mortgages shall cease to have effect against third persons after the first of January, 1870, unless duly recorded.

The intervenor, however, contends that article 123 of the constitution, impairing her tacit mortgage, violates the obligation of a contract in contravention of section 10, article 1 of the constitution of the United States, and is therefore void.

In the succession of Nelson, 24 An. 25, the precise question was decided by this court, adversely to the view taken by the intervenor; and we see no reason to change our opinion on the subject.

It is therefore ordered that the judgment herein against the intervenor and in favor of the plaintiffs be affirmed with costs. 20 An. 571.