## No. 34.

### SUCCESSION OF W. R. COX.   ON OPPOSITIONS TO ACCOUNT.

The furnisher of materials used in repairing a building has no privilege, if the evidence of his contract has not been recorded. The recording of notes, given in payment of the materials after they have been furnished, will not answer the purpose of the law.

Nor is the furnisher entitled to his privilege, if he allows the building and the lot of ground to be sold without a separate appraisement.

The Attorney of absent heirs is entitled to compensation with the privilege of a law charge, if his services have been beneficial to the succession.

APPEAL from the Parish Court of Caddo parish.   *Taylor,* J.

J. Henry Shepherd and T. F. Bell for Opponents and Appellants.

Hicks & Hicks for Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   By the account presented in this matter, the administrator proposes to distribute the sum of $4321.   The succession is admitted to be thoroughly insolvent.   Hence, the contest for a privilege on the part of the opponents.

The account was opposed by two parties :

1st. Miss Cox, as the holder of three notes, aggregating $824, the payment of which, she claims, was secured by privilege on the buildings existing on the real estate left by the deceased, having been furnished by him for materials used to improve and repair the same. Those buildings and the lot were sold, and the proceeds of sale enter into the amount proposed for distribution.

2d. J. H. Shepherd, the attorney appointed to represent the absent heirs of the deceased, who claims $250, with the privilege of a law charge, for the services rendered by him in that capacity to the estate.

The amount of the notes which Miss Cox holds was placed on the account as an ordinary debt. Shepherd was not at all recognized as a creditor.

The judgment of the parish court having rejected their oppositions, they have both appealed.

1st. Miss Cox is not entitled to the privilege claimed, which could only arise from the effect of law upon due and seasonable registry, so as to affect third persons. It does not spring from the consent of parties. Privileges, it is well known, are *stricti juris*, and cannot be admitted in cases in which the law does not create them.

The notes in question were issued for lumber long after it was furnished. No evidence of any contract between the furnisher and the owner was previously, at any time, recorded. The notes were registered the day after their date. The buildings and the lot were sold in block, without any separate appraisement, which was necessary for a "*ventilation*" of the proceeds, in the event of a distribution between mortgage and privilege creditors.

C. C. 3228, 3268, 3272, 3274, 3348 ; 28 A. 305 ; 24 A. 613 ; 26 A. 221 ; 4 A. 67 ; 28 A. 289 ; 6 A. 480 ; 25 A. 337 ; 16 A. 306, 127.

2nd. From the evidence adduced, it appears that the conservatory and other services rendered by Shepherd were valuable and enured to the benefit of the succession, and those concerned in it, who are liable to him for a fair remuneration. It is settled that, in such cases, when the heirs receive nothing, a reasonable compensation is due to the attorney of absent heirs, payable to him with the privilege of a law charge. The attorney of the administrator was allowed $490 for his services, and met with no opposition on the part of the creditors. We consider that $150 would be a proper allowance to the opponent. 28 A. 746 ; 25 A. 647 ; 14 A. 398 ; 29 A. 746 ; 21 A. 687.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be affirmed so far as it rejects the opposition of Miss Cox, and be reversed, so far as it dismisses that of J. H. Shepherd; and, proceeding to render such judgment as should have been rendered, it is

ordered, adjudged and decreed that the amount herein filed by the administrator be amended, by placing thereon J. H. Shepherd as a creditor for one hundred and fifty dollars, with the privilege of a law charge, to be paid accordingly, and that so amended, the said account be approved and homologated, and the funds distributed accordingly; the costs of appeal to be paid by the succession on the opposition of Shepherd, and by Miss Cox on her opposition, those of the lower court to be paid likewise.