### No. 1,311.

### J. A. BOYER vs. L. A. JOFFRION, SHERIFF, ET ALS.

A money lender may safely deal, as far as the question of ostensible ownership goes, with one whose title to real estate properly appears on the public records and cannot be affected by any anterior transfer of the property, unless the same was made by the ostensible owner, his authorized agent, or by judicial authority, and the transfer was patent by proper registry.

Such party cannot be charged with notice, unless the notice result from a valid registry of the transfer, and is not bound by judicial proceedings in which the title of the property is involved, but to which he was no party. Notice, as a rule, is not equivalent to registry.

On the dissolution of an injunction, arresting an order of seizure and sale, not a money judgment, damages cannot be allowed.

---

Mr. Justice Poché was absent during this term on account of illness.

42

A PPEAL from the Twelfth District Court, Parish of Avoyelles.
    *Coco*, J.

*Joffrion & Bordelon* for Plaintiff and Appellant.
*Thorpe & Peterman* for Defendants and Appellees:

1. Plaintiff in suit is not entitled to call his vendor in warranty, 19 L. 368; C. P. Art. 378 *et seq;* 2 Ann. 271; Ibid 755; 15 L. 471; R. C. C. Art. 2519; 9 Ann. 367; Cross on Pl. 432.

2. That the warranty shall have existence, it is necessary that the right of the person evicting shall have existed before the sale. R. C. C. 2478; 18 Ann. 560.

3. A sale of land without description of boundary or location is inoperative as notice to the public 37 An. 751; 8 Ann. 283; 10 Ann. 193, 327, 613; 11 Ann. 87.

4. A sale of immovable property by private act has no effect against third parties until actual delivery to the vendee of the thing sold. R. C. C. Art. 2442.

5. An act under private signature dates only from the time of its production in the absence of evidence *aliunde* of its real date.

6. A sale of immovables by private act has effect against third parties only from the day of its recordation and proof of its execution by the oath of two subscribing witnesses. R. C. C. Art. 2442; 21 Ann. 241, 591; 32 Ann. 927; Act No. 274 of 1855; 21 Ann. 426; 33 Ann. 1249.

7. A certified copy of a private act, even though registered, is insufficient to prove title to real estate—the original must be produced and signatures proved by competent evidence. 26 Ann. 249; 28 Ann. 725.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a petitory action.

The plaintiff claims to be the owner of certain real estate, advertised to be sold under executory process, issued by Jean Artigues against A. L. Boyer, to foreclose a mortgage.

He avers a purchase of the property by him from Mrs. Lougarre, on December 17, 1885, by act duly recorded on the same day in the conveyance book, and inheritance of the property by his vendor from her father, Eugene Amet, who died in 1875.

He calls in Mrs. Lougarre to make good his title, and the latter appearing, calls in A. L. Boyer to defend her title, by virtue of a clause in a private writing, which is a submission to arbitrators of a litigation once pending in the succession of Amet, in which the property in question was involved, and to which A. L. Boyer was a party.

The plaintiff coupled his demand for recognition as owner, with a prayer for an injunction to arrest the sale, which was granted.

The defense moved to strike out the call in warranty, *because* the law does not authorize such a proceeding by a plaintiff, and *because* the plaintiff averred the mortgage to have been subsequent to his purchase.

The call in warranty was stricken out by the Court.

For answer, the seizing creditor denied any title in the plaintiff that could prevail over his mortgage and averred that, long prior to the alleged purchase of plaintiff, *i. e.*, May 18, 1878, the property had been sold at the succession sale of Amet to one Bielkiewicz, who had, on the same day, transferred it to A. L. Boyer, and that the two acts had been seasonably and properly recorded.

He further contends that, at the time of execution of the mortgage in his favor by A. L. Boyer, *i. e.*, May 29, 1886, the conveyance books disclosed no alienation of the property by A. L. Boyer to any one.

He concludes, praying for the dissolution of the injunction, with damages.

There was judgment dissolving the injunction—without damages.

The plaintiff appeals and Artigues prays for an amendment of the judgment, by allowing him the damages which he claimed below.

We deem it unnecessary to review the judgment of the lower court striking out the call in warranty made by plaintiff.

Conceding *arguendo*, that the plaintiff had authority to proceed in the manner in which he did and which was objected to, his right to the property in question would not be in the least affected thereby, for it is clear that, whatever his rights may be, if any, against Mrs. Lougarre, and those of the latter against A. L. Boyer, the defendant in injunction and plaintiff in the executory proceeding cannot, in the least, be concluded thereby. Further, it is objectionable to engraft upon the litigation between the plaintiff and Artigues, claims which the former may have against parties who are utter strangers to the latter.

The record clearly shows that, on the 29th of May, 1886, when A. L. Boyer mortgaged the property in question, in favor of Jean Artigues, the public records showed that he had acquired it from Bielkiewicz, on May 18, 1878, who had himself become the adjudicatee thereof at the sale of the succession property of Amet, and did not disclose the fact that he had previous to, or on that day, disposed of his title to it.

It is true that A. L. Boyer, the transferree of Bielkiewicz, was a party to the controversy in which the validity of the adjudication of the property to the latter was involved; that the finding of the arbitrators annulling it and the judgment of the court homologating it were binding upon him; that this occurred in 1883, prior to the conveyance to him by Mrs. Lougarre, and that this sale was recorded in December 1883, more than two years before the mortgage was consented by A. L. Boyer in favor of Artigues; but all this, as far as Artigues was concerned, was perfectly immaterial.

The finding of the arbitrators and the judgment upon it annulling

the adjudication, divesting A. L. Boyer of any title to the property, had not been recorded previous to the granting of the mortgage. Neither had the sale of the same property by Mrs. Longarre to A. L. Boyer been recorded. To this date neither appears to have been recorded in the regular conveyance book of the proper office.

It is worthy of notice that the act of sale by Mrs. Lougarre to the plaintiff of the property contains no derivation of title. It does not state that the property sold belongs to the vendor, Mrs. Lougarre, for having been inherited by her from her father, and that it once stood in the name of A. L. Boyer; but that his ostensible title thereto had been judicially annulled and divested. So that, it cannot be pretended that, by an inspection of the conveyance book, a third person could at the time of the mortgage have ascertained from it, the least vestige of a mutation of title.

No third person, under the peremptory provision of the law, can, as a rule, be bound by an alienation of real estate, in or to which he may have some title or claim, unless it appear from the proper public records, that his debtor, whoever he be, has parted with his title or has encumbered his estate; and, even then, only to the extent, if any, expressly prescribed by law. 14 Ann. 414.

A different interpretation of the law would prove destructive of the benefits which it intends to confer, and would place capitalists at the mercy of their debtors and jeopardize loans of money on mortgage security.

We therefore conclude that a money lender may safely deal, as far as the question of ostensible ownership goes, with one whose title to real estate appears on the proper public records, and that he cannot be injuriously affected by any anterior transfer of the property, unless the same be made by the ostensible owner, or by his authorized agent, or by judicial authority, and the transfer has become *patent* by proper registry. No other notice can prove knowledge.

The plaintiff has not proved that the defendant ever had legal and sufficient notice of the transfer of the property to him, by Mrs. Longarre, previous to the date of the mortgage, and Artigues is not bound by the arbitration proceedings which, as to him, are *res inter alios acta*.

The injunction was properly dissolved. As it did not arrest the execution of a *money* judgment, but simply of an order of seizure and sale, the district judge was right in not allowing damages.

Judgment affirmed.