## No. 11,591.

## WILLIAM D. WHEELWRIGHT VS. THE ST. LOUIS, NEW ORLEANS AND OCEAN CANAL AND TRANSPORTATION COMPANY.

Where the creditor of a corporation has obtained a personal judgment against it with recognition that the amount due was secured by privilege on its property, and a mortgage creditor of the same debtor institutes a suit against the judgment creditor to have it decreed that he had no privilege, and that if he has, that it is not effective as against him, the judgment so obtained is not *re judicata* against the plaintiff, nor is the second suit a collateral attack upon the judgment. The plaintiff was not a party to the judgment, and not bound by it. The privilege, if it existed, sprung neither from the contract of the parties, nor was it created by the judgment; it was the creation of the law. Its existence is outside of the judgment, and, as to third parties, has to be determined independently of it. Plaintiff's attack is direct upon the asserted privilege and its rank.

Article 3186 of the Civil Code, which declares that a privilege is a right which entitles the creditor holding it to be preferred over other creditors, even those who have mortgages, merely declares the nature generally of privileges, while Art. 3274 restrains and modifies this general effect in the special case provided for by it, when a privilege tardily recorded would come in competition with a pre-existing registered mortgage. For such a case it is provided, that the tardily recorded privilege, though none the less a privilege, shall fall behind and be subordinated to the prior mortgage; in other words, substantially that it should, as to pre-existing mortgages, be ranked and classed as a junior mortgage.

The object of registry is notice. When an instrument is recorded, whose registry is intended to affect the rights of third parties, as a privilege, it should contain and show upon its face, and not by reference to documents to be found elsewhere, or to proceedings to be instituted at some future time, all the essential facts which would go to create and fix the privilege.

APPEAL from the Twenty-second Judicial District Court, Parish of St. Bernard. *Livaudais, J.*

The property of the defendant was attached in the District Court for St. Bernard, in suits of Guichard, Cusachs and Janin, each of the

said parties claiming privileges upon the property under registered claims of privilege. While so attached, the sheriff suggested to the court that he had been notified by the police jury to construct a dam across the mouth of the canal; in the opinion of the jury the then existing condition of the canal being a menace to the community. That having no funds whatever wherewith to do the work, he applied to the court to be authorized to expend for and on account of the defendant a sum sufficient to defray the expenses needed for that purpose. An *ex-parte* order was granted accordingly. The sheriff subsequently made a return to the court, in which he stated that he had expended, under the authority so given, an amount which, added to his costs and expenses, made up the sum of one thousand three hundred and thirty-three dollars.

While matters were in this situation plaintiff obtained a judgment in the Circuit Court of the United States recognizing and making executory a mortgage which he claimed against the same property of the defendant, which was under attachment in the St. Bernard court.

The possession of the property by the sheriff under the writs from the State court standing in the way of the execution of his judgment, plaintiff instituted an action in the St. Bernard court, in which, after reciting the fact of his having obtained the judgment mentioned, he prayed that it be recognized and ordered to be executed in the State court. Coupled with this demand, he prayed that Guichard, Cusachs and Janin, the attaching creditors, be made parties to his suit, and that, contradictorily with them, it be decreed that they had no privilege, and that their rights, if any, be held subordinate to his own, and that it be decreed that they take nothing out of the proceeds of the sale of the property until his own judgment be satisfied. He prayed that the *police jury, of St. Bernard* be also made a party, alleging that he had been informed that it claims a preference right over his judgment for expenditures made by it in the erection of a dam across the mouth of the canal, pending the litigation between defendant and Janin, Cusachs and Guichard, and that the same disposition should be made of that claim as that which he asked for in respect to others.

These various defendants answered, setting up the existence and validity of their respective claims, averring that they were supported

by privilege, and superior to any which plaintiff had, if any he had, which they denied.

Pending this suit, Guichard obtained judgment in his suit on his claim, recognizing that it was secured by privilege as asserted, and ordering a sale of the property to satisfy it, and for costs.

The District Court rendered judgment recognizing plaintiff's judgment and mortgage, ordering it to be enforced by sale, but decreeing that out of the proceeds of sale Guichard's judgment be paid by preference over plaintiff, and decreeing that the sum of eleven hundred and thirty-three dollars, *paid by the sheriff of the parish of St. Bernard,* in carrying out the order of the court, in building a dam across the mouth of the canal, under the notification of the police jury to him so to do, be taxed as costs in the suit, and be also paid by preference over plaintiff.

From the judgment in favor of Guichard, and of the sheriff, the plaintiff appealed.

---

*Farrar, Jonas & Kruttschnitt* for Plaintiff and Appellant.

---

*Clement L. Walker* for R. F. Guichard, Defendant, Appellee.

---

*William Armstrong* for E. Nunez, Sheriff, Defendant and Appellee.

---

*John Dymond, Jr.,* and *Albert Estopinal, Jr.,* for Police Jury of St. Bernard, Defendant and Appellee.

---

The opinion of the court was delivered by

NICHOLLS, C. J. In the *pleadings* the "*Police Jury of St. Bernard*" is made to appear as the party claiming remuneration for the cost of construction of the dam, whilst *in the evidence* and *in the judgment of the District Court* the claim is dealt with as *one due to the sheriff.* It seems to be conceded by all parties here that this variance was the result of a mistake, and that the claim for the levee work (attacked by the plaintiff and defended in the suit) was, in reality, a claim advanced by the sheriff, and not by the *police jury.* Apparently consent is given that it should be passed on by us as such.

The first question which meets us is the correctness or incorrectness of the judgment of the District Court, recognizing that the amount of the indebtedness due by the defendant company to Guichard is secured by lien and privilege, and that by virtue thereof his claim primes the mortgage claim of the plaintiff. The latter admits the existence of the indebtedness to the amount declared on, but denies the existence, *quoad* himself, of a privilege as supporting it. He contends that even if from the nature of Guichard's claim the law created a privilege securing their payment, the same law made this privilege in its effect, as such, upon pre-existing mortgages dependent upon the registry of the claims, in the manner and at a time and place which has not been complied with. In support of this position, counsel refer us to Art. 3274 of the Civil Code, as amended by Act No. 45 of the regular session of 1877, which article as amended provides that "no privilege shall have effect as against third persons, unless recorded in the manner required by law, in the parish where the property to be affected is situated. It shall confer no preference on the creditor who holds it over creditors who have acquired a mortgage, unless the act, or other evidence of the debt, is recorded within seven days from the date of the act or obligation of indebtedness, when the registry is to be made in the parish where the act was passed, or the indebtedness originated, and within fifteen days if the registry, is required to be made in any other parish of this State. It shall, however, have effect against all parties from date of registry."

The registered act upon which Guichard relies was recorded on the 24th of December, 1891, long after the registry of plaintiff's mortgage, and is as follows: "Robert F. Guichard, being duly sworn, does depose and say that the St. Louis, New Orleans and Ocean Canal and Transportation Company is justly and truly indebted to affiant in the full sum of twenty-three hundred and thirty-six dollars and twenty-one cents, exclusive of interest and costs, as the whole does more fully appear, together with all necessary particulars, from affiant's petition with the exhibits thereto annexed, which are about to be filed in the Twenty-fourth Judicial District Court of the State of Louisiana, for the parish of St. Bernard, and that for the payment of said claim, with interest and costs, affiant claims a lien and privilege on the property of the said company, real and per-

sonal, which is situated in said parish, and especially its canal property, as described in the records of the parish."

Turning to the record of the case of Guichard against the defendant company, which has been copied into the transcript, we find, independently of any question whether the claims declared on in that case were really secured by privilege or not, that "the dates of the acts or obligation of indebtedness" preceded by over seven or fifteen days the date of the registry of Guichard's affidavit of indebtedness. The District Judge was of opinion that that fact made no difference, for two reasons: First, for the reason that Guichard's right to a privilege had been recognized by a judgment of court, and secondly, because the law-maker had declared in the article cited that although a *privilege* had been tardily registered, yet it *should have effect against all parties from the date of its registry*, and inasmuch as a privilege in its nature and outside of the question *of the date of its creation* outranks a mortgage, it necessarily follows that *mortgage* rights are subordinated to *privileged* rights *regardless of the dates of their respective registry*.

Whether or not in reaching his conclusion on the first point the District Judge adopted the view of the defendant that this litigation was a collateral attack upon Guichard's judgment, and that the issue attempted to be raised here could only be raised in a direct action of nullity, or whether he was of the opinion that the judgment obtained by him was conclusive of the question of privilege, as *res judicata*, he was equally wrong. Plaintiff was not a party to the judgment which declared the existence of the privilege. The privilege, if it existed, sprung neither from the convention of the parties, nor was it created by the judgment—it was the creation of the law. Its existence is outside of the judgment and is to be determined as to third parties independently of it. This suit is not a collateral attack upon plaintiff's judgment—the attack is direct upon his right to a privilege and upon his rank as a creditor.

The second position of the District Judge is reached by a construction of the law, which makes the law-maker in the latter part of an article completely undo what he had otherwise provided for in its beginning. It is expressly declared in Art. 3274 that " no privilege shall confer a preference on the creditor who holds it over creditors who have acquired a mortgage," unless the act or other evidence of the debt is recorded within a certain time.

If this be the law, courts are bound to give it effect by placing on other portions of the article a construction which admits of this being done. The article in question presents no difficulty whatever.

Article 3186 of the Civil Code, which declares that a privilege is a right which entitles the creditor holding it to be preferred over other creditors, even those who have mortgages, merely states the nature and effect generally of privileges, while Art. 3274 of the Code restrains and modifies this general effect in the special case provided for by it, when a privilege tardily recorded would come in competition with a pre-existing registered mortgage. For such a case, it is provided that the tardily recorded privilege, though none the less a privilege because not promptly recorded, shall fall behind and be subordinated to a prior mortgage—in other words, practically and substantially that *quoad* prior existing mortgages it should lose its peculiar character of a privilege, and be *ranked and classed as to it as a junior mortgage.*

Such was, in express terms of the law, the effect of a tardily registered privilege under the articles of the Civil Code of 1825, as they stood originally.

*Article 3240*, as it stood originally, declared that "the privileges enumerated in the two preceding articles are valid against third persons, from the date of the act, if it has been duly recorded; that is to say, within six days of the date, if the act has been passed in the place where the registry of mortgages is kept, or added one day more for every two leagues from the place where the act was passed to that where the register's office is kept."

The *following article* (3241) was as follows: "When the act on which the privilege is founded has not been recorded within the time required in the preceding article it shall have no effect as a privilege—that is to say, it shall confer no preference on the creditor who holds it over creditors who have acquired a mortgage in the meantime which they have recorded before it; it shall, however, still *avail as a mortgage*, and be good against third persons from the time of its being recorded."

In the Revised Code of 1870, *Article 3273* was substituted for *Article 3240*, and read as follows: "Privileges are valid against third persons from the date of the recording of the act or evidence of indebtedness as provided by law;" whilst *Article 3274*, which replaced Article 3241, was to the following effect: "No privilege shall have

effect against third persons, unless recorded in the manner required by law, in the parish where the property to be affected is situated. It shall confer no preference on the creditor who holds it over creditors who have acquired a mortgage, unless the act or other evidence of defendant is recorded on the day that the contract was entered into.''

The amendment of 1877 has brought the law back, with some modifications, to what it was at first. Under the original articles, tardiness of inscription had the effect of *reducing* the privilege forever *from a privilege to a mortgage*. Succession of O'Laughlin, 18 An. 142; Paul Pont, under Art. 2095, C. N., p. 19. Under the present system its character is not changed at all, but its effect as a privilege, as to certain parties, is done away with. As to parties other than those in whose favor this exemption is declared, the privi'ege retains its full effect.

Independently of what we have just said, the defective character of the registered act on which Guichard depends is manifest. The object of registry is notice. When an instrument is recorded whose registry is expected to affect the rights of third parties, the act registered should contain, and show upon its own face, and not by reference to documents to be found elsewhere or proceedings to be at some future time instituted, all the essential facts which go to create and fix the privilege. The act registered by Guichard utterly fails in this regard to carry out the requirements of the registry laws.

We are of the opinion that so far as the plaintiff is concerned, Guichard has no privilege, and that the judgment decreeing that he has such a privilege priming plaintiff's mortgage is incorrect.

We come now to the consideration of that portion of the judgment which taxes in favor of the sheriff, as costs of the present suit, the expenditures made by him in the construction of a dam or levee across the canal. The order of court, authorizing the sheriff to expend, for account of the defendant company, a sum necessary to construct the dam, was made pending the attachment suits of Henry Janin, Gaspard Cusachs and Guichard, and long prior to the present action. Janin discontinued his proceedings, and Guichard obtained judgment without any claim having been advanced by the sheriff for disbursements for this purpose, and no claim of that character was ever brought forward in the Cusachs case, which appears to be pend-

ing. No step has ever been taken by the sheriff to have the claim taxed as costs, either in those cases or in the present one. The property has never been under seizure in this suit, and the disburse- ments made were not made during this litigation. The sheriff has filed no pleadings in the case, and presented no claim, and yet judg- ment has ben rendered in his favor as for costs herein, and the police jury, the party actually (under the pleadings) asserting a right to remuneration or reimbursement, has been entirely ignored. We can not consent, even though counsel in the case might consent, to so radical a change in the case as to substitute in the pleadings of the plaintiff the sheriff for the police jury, or to substitute that officer for the police jury in the answer filed in the latter's behalf. The issues in cases would become inextricably confused by consent, changes of parties and pleadings, and it would be almost impossible to ascertain, and legally and properly pass upon, the rights and obligations submitted to us for adjudication. The claim for disbursements, as it stood before the District Court, under the pleadings, was advanced by the police jury on its own behalf, and resisted by the plaintiff by anticipation as a claim in the hands of the police jury. Had the District Court rendered a judgment on the pleadings in favor of the police jury and against the plaintiff, we strongly incline to the opinion that we would have been powerless to have reviewed it. The subject matter of the judgment would have been below our jurisdiction. It is a mistake to suppose that the present suit has brought about a *concursus* between all the par- ties brought into court through it. There has been no sale of the property, and there is no fund yet realized in respect to which the parties are contesting *inter se*. Denegre vs. Mushet, 46 An. 90. The claims of Guichard, Janin, Cusachs and the Police Jury are sep- arate and distinct claims which the plaintiff has thought it his right and his interest to attack by anticipation, and he has done so by bringing them all into one and the same proceeding. Had the de- fendants filed exceptions of misjoinder the District Court would doubtless have sustained the exceptions. The claims remain sep- arate and distinct claims in spite of their being brought into a single suit for the purposes of being passed upon. We are only authorized to deal with this claim for disbursements for the levee across the canal, *as it comes before us taxed as one of the items of costs in the present suit* and as an incident of it. It can not be considered as an

incident of the Guichard suit or judgment, and brought up as such with record of that suit, or with the investigation of rights between the plaintiff and Guichard under that judgment.   The sheriff has taken no steps to legally connect himself with that suit or judgment.   It appears here as a detached special claim acted upon by the District Court in favor of the sheriff, without any appearance by the sheriff or presentation or prayer by him in respect to it.   Even if the sheriff had presented it in proper form, we are very clear in our opinion that whatever might be his rights by reason of his disbursements, they could not be charged up as part of the costs of the present litigation, and this is the shape in which the claim reaches us.   We are of the opinion that the judgment of the District Court, taxing this claim as costs in this suit, and decreeing that it be paid as such out of the proceeds of the sale of the property under seizure in the suits of Guichard and Cusachs by preference over the plaintiff herein, is erroneous; that the judgment should be set aside, and that the sheriff's right to present and make available his claim for the disbursements made by him to the extent that it may be legally due and exigible, be reserved to him.

For the reasons herein assigned, it is hereby ordered, adjudged and decreed that so much of the judgment appealed from as decrees that the judgment of Robert F. Guichard for the sum of two thousand three hundred and thirty-six dollars and thirty-one cents, with interest at five per cent. on eleven hundred and fifty-seven dollars and twenty cents, from August 7, 1891, and same interest on the remaining eleven hundred and seventy-eight dollars and thirty-one cents, from November 16, 1891, until paid, and all costs of this suit, be paid by preference over the plaintiff out of the proceeds of the sale of the property in said judgment referred to, be and the same is hereby annulled, avoided and reversed.

It is further ordered, adjudged and decreed that so much of the judgment appealed from as decrees that the sum of eleven hundred and thirty-three dollars and fifty cents, expenses incurred under order of court, for the protection and preservation of the property referred to in the judgment, should be paid as costs of suit herein, by preference over plaintiff out of the proceeds of the sale of the property referred to in the judgment, be and the same is hereby annulled, avoided and reversed, and it is now ordered, adjudged and decreed, as prayed for in plaintiff's petition, that a sale by the

plaintiff, under the judgment herein rendered in his favor, shall wipe out and extinguish the claim of Robert F. Guichard on said property, and that he shall not be entitled to have any part of the proceeds of said sale until and unless the property shall bring a sum sufficient to pay the judgment of the plaintiff, with interest and costs.

It is further ordered that nothing herein contained shall bar the right of the sheriff of the parish of St. Bernard to present and make available hereafter, in some other proceeding or action, any rights which he may have resulting from the disbursement made by him, under the order of the District Court, and which are referred to in the judgment appealed from, in making a levee or dam across the canal of the defendant company, his rights in respect to said disbursements being expressly reserved, costs of both courts to be paid by the appellees.