(43 South. 905.)

No. 16,312.

SHREVEPORT NAT. BANK v. MAPLES.

(April 15, 1907. Rehearing Denied May 13, 1907.)

1. CORPORATIONS — CONTRACTS — VALIDITY — SALE TO STOCKHOLDER.

An agreement between two or more promoters, stockholders, and officers of a lumber company, to the effect that one of them shall be supplied with lumber, for his personal use, at cost, is not binding on the other stockholders, the company, the liquidators of the company, or the receiver, and the latter, or his assigns, may recover the price of lumber so supplied at the market rate prevailing at the time.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 702, 1401–1407.]

2. HUSBAND AND WIFE—DEBTS OF HUSBAND —LIABILITY OF WIFE.

Where lumber, used in the construction of a residence, is furnished to the husband and charged to him, that the wife takes an interest in the manner and progress of the work, makes suggestions, which are adopted, and is allowed to give directions, does not make her liable for the price, nor, unless the privilege of the furnisher is secured in the manner provided by law, does it prevent her from acquiring the property, by dation en paiement, from her husband, free of such privilege.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, §§ 575–581.]

3. MECHANIC'S LIEN—DETAILED STATEMENT.

In order to preserve his privilege for the price, one who furnishes to the owner material used in the construction of a building must record the detailed statement, or acknowledgment, required by Civ. Code, art. 3272. A statement showing merely the total amount charged, with payments and credits, on account, and the balance due, is not the detailed statement so required.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, §§ 208–212, 253–255.]

4. SAME—NOTICE.

Notice of a claim, the privilege to secure which may be preserved by registry, is not the equivalent of registry.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, §§ 175, 176.]

Breaux, C. J., and Nicholls, J., dissenting.

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

Action by the Shreveport National Bank against W. E. Maples. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Alexander & Wilkinson, for appellant. Sutherlin & Barret, for appellee.

## Statement of Facts.

MONROE, J. The Shreveport National Bank brought this suit on a claim against W. E. Maples for $2,189.84, as the price of lumber sold to him by the American Lumber Company. The bank was succeeded, as plaintiff, by its liquidators, and the liquidators by the Louisiana Bank & Trust Company, which is the plaintiff now before the court. It is alleged, in the original petition, that the lumber was furnished to W. E. Maples and used by him in the building of a residence in Shreveport; that a detailed and itemized account thereof was duly recorded in the mortgage office of the parish, and operates to preserve the furnisher's privilege for the price. And judgment is prayed for against Maples, with recognition of said privilege upon the building and upon eight lots of ground upon which it is said to stand. To this, Maples answered that certain lumber was purchased by him from the American Lumber Company, under a contract whereby he was to get it at cost, but that the amounts charged in the bill sued on are above cost and excessive; and, further answering, he says that he has paid at least $1,000 of debts due by said company, and has thereby more than extinguished any debt due by him for lumber. He especially denies the registry of any sworn account, as alleged, or the existence of any lien or privilege on the property. Plaintiff, through its liquidators, thereupon filed an amended petition adopting the allegations and prayer of the original petition, and further alleging that, since the filing of the original petition, defendant has conveyed, or pretended to convey, the prop-

erty in question to his wife, by dation en paiement, in restitution of her paraphernalia, but that he owed her nothing on that account; that, moreover, she participated in the obtention of the lumber for the price of which the suit is brought, and, as wife and partner in community, is not a third person with respect to said transaction, but is charged with notice thereof; and that the dation en paiement is of no effect, quoad the claim and privilege here asserted. And there is a prayer for judgment against husband and wife, in solido, for the amount claimed, with recognition of privilege therefor, etc. Defendants answer these allegations by affirming the validity of the dation en paiement, denying the existence of the privilege asserted, etc.

The facts are as follows, to wit: In 1900, defendant's wife, as legatee of Mrs. Mary Jane Furman, came into a considerable inheritance, of which, then and later, she turned over to her husband about $30,000, which he invested in his own name. Among other things, he used $2,500 in starting the American Lumber Company, of which he was made president, and he had an understanding with two persons, who seem to have been associated with him in the enterprise, and who became stockholders and officers in the company, that he was to have the privilege of buying from the company, at cost, the lumber which might be needed for the building of the residence which he contemplated erecting. Whilst the building was in progress, however, the management of the company was changed, and the new manager, as such, and later as receiver, refused to recognize that understanding, and, though continuing to furnish the lumber, charged for it at the market rates, and on July 21, 1903, caused to be recorded in the mortgage office of the parish a bill and affidavit reading as follows, to wit:

"W. E. Maples, Husband, Mrs. Addie P. Maples, Wife, to American Lumber Co.

Dr.

Lumber and material furnished and used in construction of residence on lots 1, 2, 3, 4, 9, 10, 11, 12, of block 9, of the J. N. Howell, subd'n, Shreveport, La. .................. $2,830 12

Cr.

By Cash .................. $500 00
By correction ............. 131 28    640 28
                                      ———————
Balance due .................. $2,189 84

" * * * Personally appeared William R. Bradford, receiver of the American Lumber Co., Limited, who, being duly sworn, deposes and says that * * * the above and foregoing and annexed account * * *' for $2,189.84, against W. E. Maples, husband, and Mrs. Addie P. Maples, wife, is just and correct, due and unpaid, * * * that the same is for the construction of the buildings belonging to the said W. E. Maples and Mrs. Addie P. Maples, to wit: lots 1, 2, 3, 4, 9, 10, 11, 12, of block 9, of the J. N. Howell sub'n of the city of Shreveport, La., and that deponent hereby claims the lien and privilege granted by law in favor of the furnisher of materials."

On October 3d following, the assets of the lumber company, including the account against W. E. Maples, were sold by order of court and bought by the bank. On December 17th this suit was instituted. On December 24th the dation en paiement was executed and recorded. On January 6, 1904, Maples filed his answer herein. On January 11th plaintiff caused to be recorded a detailed and itemized statement of the account sued on, and (though at what date does not appear) thereafter filed its amended petition, alleging liability on the part of Mrs. Maples, and attacking the dation en paiement, to which, both defendants answered on June 11, 1905. The lumber, for the price of which the suit is brought, was sold to W. E. Maples, and charged to him, and it was accepted by his superintendent of construction and used in the residence built, under his (Maples') directions, on lots owned by him; that which was thus accepted having been of reasonably good quality, and the price charged having been the market rate at the

time. Mrs. Maples, as the wife of W. E. Maples, and as the person who, with him and their children, was to occupy the residence, displayed a lively interest in its construction, and made suggestions which were considered, and probably adopted; but it does not appear that she knew whether her husband paid for the lumber in cash, or did not pay at all, and the dation en paiement contains no recital which would have enlightened her on the subject. It appears that Maples had paid two amounts for the company, aggregating $341.05, for which he has not received specific credits; but there was found, among the papers of the company, a note for $500, signed by him, with others, and the entries on the books seem to indicate that there had been turned over to the signers a note for $954.35, which had been given to the company by one F. H. Rencher, and those transactions are not explained. It may be that the note of $500 was discounted for the benefit of the company, with the Rencher note collatered, and, if so, and the Rencher note was collected, there should be a balance due the company. This, however, is mere surmise, and all that can be said is that it does not satisfactorily appear that defendant is entitled to any credit on the account in suit. There was judgment in the district court in favor of plaintiff, and against W. E. Maples, for the amount claimed, with recognition of the privilege asserted; the demand against Mrs. Maples, personally, having been rejected. All parties have appealed.

## Opinion.

The agreement between W. E. Maples and the two promoters, stockholders and officers of the company, to the effect that he was to get the lumber for his residence at cost, did not bind the other stockholders, or the company, or the receiver, and, having obtained and accepted the lumber, defendant is liable for its market value at the time, which is shown to have been the price charged in the bill sued on. There is no basis whatever for the claim asserted against Mrs. Maples, personally, and the question remains whether there is sufficient basis upon which to enforce the lien and privilege asserted against her property. We think not. The husband was largely indebted to his wife on account of her paraphernal funds which he had received and used, and, it being shown, by plaintiff's witnesses and by defendant himself, that the latter was insolvent, it was his duty to pay his wife, by preference over other creditors, if he was able to do so, and for that purpose he had the right to use any property that he owned, to the extent that it was not mortgaged, pledged, or otherwise specially incumbered in favor of a particular creditor. In other words, any property that he could have surrendered to his creditors in general was available for the payment of the debt due to his wife, and, if a particular creditor could not successfully demand the recognition of a privilege, as against the creditors in general, still less can he do so, as against the wife, who is preferred to the creditors in general. This question was considered in a recent case, the syllabus of the opinion in which reads:

"A man may lawfully surrender to his creditors, in general, all the property that he has, and, unless the vendor of particular goods has preserved his privilege for the price, the proceeds of such goods will be distributed among the creditors in general, and, whatever he may surrender to his creditors in general, he may give to his wife, whom the law prefers to all other creditors, in satisfaction of her lawful claim against him, from which it follows that, though the property so given be not paid for, the wife may acquire a perfect title thereto, unless such title be incumbered with the privilege of the vendor for the price." Compton v. Dietlein & Jacobs, 118 La. 360, 42 South. 964.

See, also, Succession of Richardson, 14 La. Ann. 1; Securities Co. v. Talbert, 49 La. Ann. 1393, 22 South. 762.

It is well settled that privileges, being stricti juris, can be recognized only in cases

where they are clearly established by law. Louque's Dig. p. 581, No. 3. Furnishers of material, dealing with the owner, are accorded a privilege for the price upon the building in which such material has been used and upon the lot of ground, not exceeding one acre upon which the same shall be erected, provided the lot belongs to the person having such building erected. Civ. Code, arts. 2772, 3249. But, they preserve such privilege only in so far as they register, in the office of the recorder of mortgages of the parish where the property is situated, the act containing the bargains they have made, or a detailed and attested statement of the amounts due, or acknowledgments thereof by the debtor. Civ. Code, art. 3272.

The privilege is valid and effective, as against third persons, only from the date of its registry, as provided by law. Civ. Code, arts. 3273, 3274. Succession of Cox, 32 La. Ann. 1036. And "where an instrument is recorded, where registry is intended to affect the right of third parties, as a privilege, it should contain and show upon its face, * * * all the asserted facts which would go to create and fix the privilege." Wheelwright v. Transportation Co., 47 La. Ann. 533, 17 South. 133. Knowledge is not the equivalent of registry. Boyer v. Sheriff et al., 40 La. Ann. 657, 4 South. 872; Rochereau & Co. v. Delacroix, 26 La. Ann. 584. How far the claim of the plaintiff, with respect to the privilege, is affected by Civ. Code, art. 2775, it is unnecessary to inquire, for, assuming that the application of that article is confined to agreements between owners and contractors where the latter employ other persons, and does not extend to a workman or furnisher who supplies only his own labor or material to the owner, it is clear that such workman or furnisher must, in order to preserve his privilege and make it effective as against third persons, comply with the requirements of Civ. Code, art. 3272, and this plaintiff failed to do; the statement of the total price of the lumber furnished, with the amounts received or credited on account, and the balance due, recorded on July 21, 1903, containing no details whatever, and the detailed statement, required by the article cited, not having been recorded until after the title to the property in question had vested in a person other than him to whom the material had been furnished.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, in so far as it recognizes and enforces the privilege asserted by plaintiff, and that plaintiff's demand for the recognition and enforcement of said privilege and for all other relief as against the defendant Mrs. Addie P. Maples be now rejected, at the cost of the plaintiff. It is further adjudged and decreed that, in other respects, said judgment be affirmed; the costs of the appeal to be borne, in equal proportions, by plaintiff and W. E. Maples.

BREAUX, C. J. I dissent on the ground that the creditors' claim was sufficiently inscribed in the clerk's office to save the privilege.

NICHOLLS, J. (dissenting). I do not think that the wife can equitably claim against a community creditor such a rigorous construction of the registry law as is claimed by the wife upon the very property which has been conveyed to her, and which has been improved by the creditor.