WHITNEY-CENTRAL TRUST & SAVINGS BANK v. GENERAL FIRE
EXTINGUISHER CO. et al.*

(Circuit Court of Appeals, Fifth Circuit. March 9, 1917.)

No. 2996.

1. MORTGAGES  ⊜151(3)—PRIORITIES—STATUTES.

Civ. Code La. art. 2775, declares that no agreement or undertaking for work exceeding $500, which has not been reduced to writing and registered with the recorder of mortgages, shall enjoy a lien. Article 3272 declares that contractors, workmen, materialmen, architects, undertakers, bricklayers, and others furnishing materials for the construction or repair of buildings, preserve their privileges only in so far as they have recorded, with the recorder of mortgages in the parish where the property is situated, the act containing the bargains they have made or a detailed statement of the amount due. Respondent furnished to a sugar company materials for its sugar house, under a contract entered into by the sugar company's acceptance of two written proposals of respondent, each of which, and the acceptance thereof, bore the date September 4th. The first of these proposals was a quotation of the prices of the various materials, and the second contained a provision allowing the sugar company to return designated appliances. The first proposal was filed for record on September 11th. The other proposal was never filed with the recorder of mortgages or recorded, though in November there was filed a list of invoices of materials sold and an affidavit of the correctness of the list. The price of the materials exceeded $500, and respondent asserted that its privilege as furnisher of materials was superior to that of an existing mortgage creditor, and that it had a vendor's privilege on movables sold, but not incorporated by the sugar company in its building. *Held,* that article 2775 applied, and respondent having failed to properly record the agreement or undertaking, though it must have known the materials would exceed $500, its privilege is not superior to that of an existing mortgage creditor.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 332–336.]

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied April 28, 1917.

2. MECHANICS' LIENS ⊕⇒127—RIGHT TO—RECORDATION.
   In such case, the recordation of only one of the two proposals, both of which constituted the contract, was not a compliance with either section.
   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 174–176.]

3. MECHANICS' LIENS ⊕⇒127—RIGHT TO—RECORDATION.
   In such case, though the recording of part of the contract be regarded as sufficient, the registration was not within the time prescribed by Civ. Code La. art. 3274, declaring that no privilege shall have effect against third persons unless recorded in the manner required by law in the parish where the property to be affected is situated, and that it shall confer no preference on creditor who holds it over others who have acquired a mortgage, unless the act or other evidence of the debt is recorded within 7 days from the date of the act or obligations of indebtedness when the registry is required to be made in the parish where the act is passed, or within 15 days if the registry is required to be made in any other parish.
   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 174–176.]

4. MECHANICS' LIENS ⊕⇒136(1)—RIGHT TO—RECORDATION.
   In such case, the recording, after the time prescribed for the recording, of the agreement or contract of the description of the property claimed to be subject to lien or privilege asserted, is not a compliance with the provisions of Civ. Code La. art. 3348, that in all cases of special privileges the property subject to such privileges must also be described.
   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 213.]

5. COURTS ⊕⇒347—PLEADING—AMENDMENTS.
   Where the evidence showed that an intervening petitioner was entitled to a vendor's lien on certain movables, but the decree according a lien on other property was reversed, and that portion giving a lien on movables was attacked on the ground that the petition did not allege facts showing the existence of the privilege, petitioner should, under equity rules 19 and 20 (198 Fed. xxiii, xxiv, 115 C. C. A. xxiii, xxiv), declaring that the court may at any time, in the furtherance of justice, permit any pleading to be amended, and that a further and better statement of the nature of the claim may in any case be ordered upon such terms as are just, be permitted to amend the petition.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 921.]

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit by the Erie City Iron Works against the Cecilia Sugar Company, Limited, in which Jules Godchaux was appointed receiver, and the General Fire Extinguisher Company intervened. From a decree upholding the petition of the intervener over objection of the Whitney-Central Trust & Savings Bank, trustee, the Bank appeals. Reversed and remanded.

Charles F. Borah, of New Orleans, La. (Borah, Himel, Bloch & Borah, of New Orleans, La., on the brief), for appellant.

Henry Mooney, R. E. Milling and Solomon Wolff, all of New Orleans, La., for appellees.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WALKER, Circuit Judge. This is an appeal from a decree rendered in the suit of the Erie City Iron Works against the Cecilia Sugar Company, Limited, and others, on the intervening petition of the appellee, the General Fire Extinguisher Company, which adjudged that that intervening petitioner be recognized as a creditor of the Cecilia Sugar Company, Limited, for the sum of $8,610.36, and costs of the intervention, together with the privilege of a furnisher of materials, superior to that of the mortgage creditor of the Sugar Company, upon the latter's sugar house and the land upon which it stood, not exceeding one acre, and which also adjudged that the intervening petitioner be recognized as a creditor of the Sugar Company for the sum of $956.70, with a vendor's privilege on certain movables sold by it to the Sugar Company and not incorporated by the latter in the sugar house. Decrees rendered on other interventions in the same suit were before this court in the case of Whitney-Central Trust & Savings Bank v. Luck et al., 231 Fed. 431, 145 C. C. A. 425. The opinion in that case sets out and applies some of the provisions of the statute law of Louisiana which are applicable to the facts of the instant case.

The demand of the General Fire Extinguisher Company was for the price of pipe, valves, and fittings supplied by it to the Cecilia Sugar Company, Limited, under a contract entered into by the latter company in writing accepting two written proposals made by the former company, each of such proposals and the acceptance thereof bearing date September 4, 1912. One of those proposals was a quotation of prices of the several items on a long list of described pipe, valves, and fittings. The other proposal stated a discount to be allowed from the list prices, contained a provision allowing the Sugar Company to return designated pipe and fittings, specified requirements to be complied with by the Sugar Company, and stated the limit within which the Fire Extinguisher Company was to complete delivery and the terms of payment. The first-mentioned proposal, with the acceptance of it, was filed for record with the recorder of mortgages of the parish of St. Martin, in which the Sugar Company's sugar house was located, and was recorded on September 11, 1912. The other proposal was never filed with the recorder of mortgages, nor recorded. In November, 1912, there was filed with the recorder mentioned a list of the invoices of material sold by the Fire Extinguisher Company to the Sugar Company, and an affidavit showing the correctness of the list just mentioned, and stating:

"That said materials were used by said Cecilia Sugar Company, Limited, in the repair or construction of a sugar mill and appurtenances located on that certain tract of land owned by the Cecilia Sugar Company, Limited, at or near Cecilia, La."

[1] Questions are raised as to the meaning and applicability to the facts of this case of the following provisions of the Civil Code of Louisiana:

"Art. 2775. *Contracts Exceeding $500—Recordation—Privilege.*—No agreement or undertaking for work exceeding five hundred dollars, which has not been reduced to writing and registered with the recorder of mortgages, shall enjoy the privilege above granted."

"Art. 3249. *Privileges on Immovables.*—Creditors who have a privilege on immovables, are:

"1. *Vendor.*—The vendor on the estate by him sold, for the payment of the price or so much of it as is unpaid, whether it was sold on or without a credit. * * *

"3. *Material Men.*—Those who have supplied the owner or other person employed by the owner, his agent or subcontractor, with materials of any kind for the construction or repair of an edifice or other work, when such materials have been used in the erection or repair of such houses or other works. ·

"*Privilege on Building and Lot.*—The above named parties shall have a lien and privilege upon the building, improvement or other work erected, and upon the lot 'of ground not exceeding one acre, upon which the building, improvement or other work shall be erected; provided, that such lot of ground belongs to the persons having such building, improvement or other work erected; and if such building, improvement or other work is caused to be erected by a lessee of the lot of ground, in that case the privilege shall exist only against the lease and shall not affect the owner. * * * "

"Art. 3272. *Contractors, Workmen and Material Men.*—Architects, undertakers, bricklayers, painters, master builders, contractors, subcontractors, journeymen, laborers, cartmen, masons and other workmen employed in constructing, rebuilding or repairing houses, buildings, or making other works; those who have supplied the owner or other person employed by the owner or his agent or subcontractor with materials of any kind for the constructon or repair of his buildings or other works; those who have contracted, in the manner provided by the police regulations, to make or put in repair the levees, bridges, canals and roads of a proprietor, preserve their privileges, only in so far as they have recorded, with the recorder of mortgages in the parish where the property is situated, the act containing the bargains they have made, or a detailed statement of the amount due, attested under the oath of the party doing or having the work done, or acknowledgment of what is due to them by the debtor.

"The privileges mentioned in this article are concurrent."

"Art. 3274. *Where and When Recordation to be Made.*—No privilege shall have effect against third persons, unless recorded in the manner required by law in the parish where the property to be affected is situated. It shall confer no preference on the creditor who holds it, over creditors who have acquired a mortgage, unless the act or other evidence of the debt is recorded within seven days from the date of the act or obligation of indebtedness, when the registry is required to be made in the parish where the act was passed or the indebtedness originated and within fifteen days if the registry is required to be made in any other parish of this State. It shall, however, have effect against all parties from date of registry."

"Art. 3348. *Recordation—Authentic Acts—Under Private Signature—Affidavit of Facts—Description of Property Affected.*—Any person entitled to a mortgage or privilege on the property of another person, must cause the evidence of such mortgage or privilege to be recorded in the mortgage book of the parish where the property is situated.

· "If the instrument on which the mortgage or privilege is based be an authentic act, a copy thereof shall be recorded; if it be an act under private signature, promissory note or other written instrument, it must be proved up and recorded in the manner required for acts under private signature.

"If there be no written instrument, the person claiming the mortgage or privilege, his agent, or some person having knowledge of the facts, must make affidavit of all the facts on which such mortgage or privilege is based, including the amount of the debt secured by the mortgage or privilege; and this affidavit must be recorded in the mortgage book.

"In all cases of special privileges the property subject to such privileges must also be described."

It was contended in the argument made in support of the decree appealed from that the requirement of article 2775 above quoted is not

applicable to the facts of this case, and that the lien or privilege claimed was preserved by a compliance with the requirement of article 3272 of the Civil Code as to registering for record, by those who have supplied the owner with materials of any kind for the construction or repair of his buildings or other works, "with the recorder of mortgages in the parish where the property is situated, the act containing the bargains they have made, or a detailed statement of the amount due, attested under the oath of the party doing or having the work done, or acknowledgment of what is due to them by the debtor." It seems to us that these contentions are not reconcilable with the rulings made in the case of Hibernia Bank & Trust Co. v. C. F. Knoll Planting & Mfg. Co., 133 La. 698, 63 South. 288. In that case a lien or privilege was claimed for the price of material and labor furnished under a contract entered into by the owner's acceptance of a written proposal to furnish two smokestacks at four cents per pound and the labor required in installing them at specified prices per hour. The proposal on its face did not show that the price of the material and labor called for would amount to over $500. The undertaker or contractor did not know when the contract was made the exact amount his contract would call for, but he knew then that at the prices named the material and labor called for would exceed $500. After full consideration, the court decided that the provision of article 2775 of the Civil Code was applicable, and that the privilege or lien claimed was lost as a result of the failure to reduce to writing and register the contract with the recorder of mortgages; the court's expressed conclusion being that, where the contract is one within the operation of article 2775, the provision found in article 3272 does not have the effect of enabling the contractor or undertaker to acquire and preserve his lien or privilege, superior to that of an existing mortgage, by having recorded a detailed and attested statement or the acknowledgment of the debtor of the amount due. The ruling made in the case cited was not departed from in the case of Carolina Portland Cement Co. v. Southern Wood D. & F. Co., 137 La. 470, 68 South. 831. In that case a contractor was held to be entitled to a lien or privilege for more than $1,000 for concrete furnished at a stipulated price per yard. It was held that article 2775 of the Civil Code was not applicable, as under the contract made the contractor was not obliged to furnish as much as $500 worth of concrete, by the terms of the contract he being at liberty to quit whenever he saw fit.

The facts of the instant case disclose no such reason for exempting it from the operation of the provision of article 2775. It is apparent from the evidence that the expression, "your list of pipes, valves, and fittings," found in the Fire Extinguisher Company's written proposal, and the enumeration of the articles the prices of which were quoted in that proposal, were understood and intended to include all the material of the kinds mentioned which the Sugar Company would need for the sugar house for use in which the material was furnished. The Sugar Company's acceptance of the proposals had the effect of obligating the Fire Extinguisher Company to furnish all the described pipes, valves, and fittings required to complete the structure for which

they were to be furnished. Under the contract the Fire Extinguisher Company furnished more than $9,000 worth of material. Within 10 days after its proposals were made and accepted it shipped more than $500 worth of the material called for. It is not fairly open to dispute that at the time the contract was made the contractor knew that the amount of material its contract called for would greatly exceed $500. We are constrained to give to the Louisiana statutes in question the meaning and effect accorded to them by deliberate judgments of the Supreme Court of Louisiana.

[2-4] In several respects there was a failure to comply with statutory requirements which are made prerequisites to the preservation of the lien or privilege claimed. The record of one only of the two proposals, the acceptance of both of which made the contract between the parties, was not a compliance with the requirements of articles 2775 and 3272, as they have been construed by the Supreme Court of Louisiana. Those articles require the registration for record of the agreement or undertaking, the act containing the bargain the parties have made, not merely a part or fragment of it, which fails to disclose the respective obligations of the parties. Even if the recording of part of the contract could be regarded as sufficient, the registration for record was not within the time prescribed by article 3274. And the recording, after the time prescribed for the record of the agreement or contract, of a description of the property claimed to be subject to the lien or privilege asserted, is not a compliance with the provision of section 3348 that "in all cases of special privileges the property subject to such privileges must also be described." Whitney-Central Trust & Savings Bank v. Luck, supra.

[5] The conclusion is that the decree was erroneous in so far as it adjudged that the Fire Extinguisher Company have a lien or privilege superior to that of the mortgage creditor of the Sugar Company. The evidence sufficiently supported the part of the decree which adjudged that the intervening petitioner have a vendor's privilege on certain movables. Civil Code of Louisiana, art. 3272; Whitney-Central Trust & Savings Bank v. Luck, supra. That part of the decree is attacked because of the absence from the intervening petition of allegations of facts showing the existence of a vendor's privilege. As the sufficiency of the intervening petition in that respect is questionable, the intervening petitioner will have leave to amend its petition, as it may be advised, to make a further and better statement of the nature of part of the claim relied on and supported by evidence. Equity Rules 19 and 20 (198 Fed. xxiii, xxiv, 115 C. C. A. xxiii, xxiv).

The decree appealed from is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.