C. C. HARTWELL CO., Limited, et al. v. MILLER et al.

(Circuit Court of Appeals, Fifth Circuit. December 17, 1918. On Petitions for Rehearing, March 15, 1919.)

No. 3255.

1. MORTGAGES ⊜151(3)—PRIORITY OVER MECHANIC'S LIEN—RECORDING.

Under Civ. Code La. art. 3274, a mechanic's lien is subject to a later mortgage, unless the lien is recorded as therein required within seven days after the act or obligation of indebtedness.

2. MECHANICS' LIENS ⊜312—SUBCONTRACTORS—"CONCURSUS" UNDER LOUISI-ANA STATUTE—BANKRUPTCY PROCEEDINGS.

Proceedings in a bankruptcy court, after sale by the trustee of a building contractor of property on which bankrupt held a lien, requiring subcontractors holding liens to show cause why their inscriptions should not be erased and their claims referred to the proceeds, *held* not to operate as a "concursus," under Act La. No. 134 of 1906, requiring subcontractors to object to the sufficiency of contractor's bond or be remitted to their remedy thereon.

[Ed. Note.—For other definitions, see Words and Phrases, Concurso.]

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

In Bankruptcy. C. C. Hartwell Company, Limited, and others, appeal from an order in favor of Mrs. Izabel Danziger Miller and others. Modified.

William Grant, Wm. B. Grant, J. C. Henriques, Robert H. Marr, and Henry P. Dart, all of New Orleans, La., for appellants.

A. D. Danziger and Charles Payne Fenner, both of New Orleans, La., for appellees.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is an appeal from an order of the District Court in bankruptcy, made upon oppositions to the trustee's account, and which disallowed the liens of appellants, and directed the payment of a mortgage claim out of the sale fund ahead of the claims of appellants. The liens were disallowed by the District Judge, because they were found to have been not seasonably filed.

[1] The appellants' claims were for materials furnished in the construction of an improvement on the realty of the bankrupt. The materials furnished prior to February 26, 1912, were furnished to the bankrupt as owner of the real estate direct. Article 3274 of the Civil Code of Louisiana provides that—

"No privilege shall have effect against third persons, unless recorded in the manner required by law in the parish where the property to be affected is situated. It shall confer no preference on the creditor who holds it, over creditors who have acquired a mortgage, unless the act or other evidence of the debt is recorded within seven days from the date of the act or obligation of indebtedness, when the registry is required to be made in the parish where the act was passed or the indebtedness originated and within fifteen days if the registry is required to be made in any other parish of this state. It shall, however, have effect against all parties from date of registry."

As to materials furnished the owner, before a certain building contract was entered into on February 26, 1912, the mortgage of appellees would prime the claims unless a lien was acquired by the recording of the act or other evidence of the debt within seven days from the date of the act or obligation of indebtedness, as provided for by article 3274. Whitney-Central Trust & Savings Bank v. General Fire Extinguisher Co., 240 Fed. 631, 153 C. C. A. 429; Whitney-Central Trust & Savings Bank v. Luck, 231 Fed. 431, 145 C. C. A. 425; Hibernia Bank & Trust Co. v. C. F. Knoll Planting & Mfg. Co., 133 La. 698, 63 South. 288; Carolina Portland Cement Co. v. Southern Wood D. & F. Co., 137 La. 470, 68 South. 831; Wheelwright v. St. L., N. O., etc., Co., 47 La. Ann. 533, 17 South. 133; Allen-Wadley Lbr. Co. v. Huddleston, 123 La. 522, 49 South. 160; Shreveport Nat. Bank v. Maples, 119 La. 42, 43 South. 905. The record fails to show that any of the claims for materials furnished prior to February 27, 1912, the date of the recording of the building contract, were recorded so as to create a lien under the terms of article 3274, and the District Court rightly directed payment of the mortgage as against them.

[2] On February 26, 1912, the bankrupt conveyed the real estate to one Singer, and entered into a building contract with Singer to complete the building for him, which contract was duly recorded February 27, 1912. Some of the materials were furnished to the bankrupt after this trade had been consummated, and while he was a contractor, and no longer owner. The rights of the materialmen for materials, thereafter furnished, ceased to be controlled by article 3274 of the Civil Code, but came under the influence of Act No. 134 of the Legislature of Louisiana, approved July 10, 1906, relative to building contracts. By the terms of this act, the building contract having been recorded before the day fixed on which the work was to commence, and not later than 7 days after the date of the contract, a lien is created in favor of those furnishing material to the contractor on the building ground, etc., as their interests may appear. The owner must require of the contractor the execution of a bond, with good and sufficient surety, for not less than one-half of the contract price, to be recorded with the contract, and conditioned, among other things, that the contractor pay all subcontractors and furnishers of materials; the bond to be made in their favor as their interests may appear. All persons with claims against the contractor may perfect their liens by filing a sworn statement with the owner, and recording a similar one with the recorder of mortgages in the parish where the work is done, within 45 days after the completion of the contract.

Under this act the appellants, who furnished materials after the building contract was executed and recorded, acquired a lien for the portion furnished the building contractor, which they perfected as required by the act, within 45 days from the completion of the contract, and were entitled thereby to prime the mortgage. Brown v. Staples, 138 La. 602, 70 South. 529. The appellees, however, rely on subsequent provisions of the act to show that the appellants were remitted to the surety on the bond required by the act to be executed in favor of the subcontractors and material furnishers as their interest may ap-

pear. The act further provides that if, at the expiration of 45 days, no recorded claims are filed, the recorder of mortgages shall, upon written demand of any party in interest, cancel and erase from the books of his office all inscriptions resulting from the recordation of the contract and bond. In the event there are recorded claims filed, the owner is required to file a petition in a court of competent jurisdiction citing all claimants and the surety on the bond for the assertion of all claims in concursus. The act then provides that, if no objection is made by any of the claimants to the sufficiency or solvency of the surety on the bond, within 10 days after the filing of the concursus, the clerk of the court shall give to any party in interest a certificate to that effect, and, on presentation of such certificate to the recorder of mortgages, he shall cancel and erase all inscriptions created by the recordation of said contract bond or said claim. If objection is made to the sufficiency or solvency of the surety, a summary method of hearing the objection is provided for.

Appellees claim that they are entitled to the benefit of the cited provisions of the act. It is not claimed that either the owner or the bankrupt filed a concursus. The contention is that the bankruptcy proceeding operated as one. Possibly if the appellants, in the bankruptcy proceeding, had been called upon by the trustee of the bankrupt to object to the sufficiency and solvency of the surety, and had failed to do so within the 10 days, the contention might prevail, though, in this instance, the bankrupt was the contractor and not the owner. However, an examination of the bankruptcy proceedings fails to reveal any proceeding or petition on the part of the trustee in which the appellants were either called upon, or given the right, to interpose the objection to the sufficiency or solvency of the surety on the bond, which the statute of Louisiana accords them, before they are remitted to the surety, as the only recourse for the collection of their claims. In this state of the record, we do not think the bankruptcy proceeding was a substitute for the concursus.

The order of the District Court should be modified, so as to provide for the payment out of the sale fund prior to the payment of the mortgage claim of those portions of the claims of appellants which are for materials furnished after the recordation of the building contract, and the cause remanded for the ascertainment of the proper amounts and the modification of the order accordingly and conformably to this opinion; and it is so ordered. Costs on appeal to be equally divided between appellants and appellees.

## On Petitions for Rehearing.

Both parties are dissatisfied with the disposition of the appeal, and each asks for a rehearing.

The appellees contend that the bankruptcy proceeding brought the appellants and the mortgage creditor in concursu, and that the failure of the appellants in that proceeding to affirmatively assert any objection to the solvency of the surety company has the effect of remitting them to their remedy against the surety company, and of releasing any claim they might otherwise have upon the proceeds of the sale of the

property to which the liens attached. The property was sold by the trustee in bankruptcy, and the appellants and other lienholders were called upon, on motion of the trustee, to show cause why they should not have their inscriptions erased and their claims referred to the proceeds of the sale of the property to which the liens had attached. The bankruptcy court, upon such motions, and after service thereof on appellants and appellees, entered an order directing the erasure of the inscriptions of mortgages and liens, and that "the rights of the holders of the mortgage notes and lienors are referred to the proceeds of the sale of said property" "for the satisfaction of their respective mortgage and lien rights in the premises." Thereafter the trustee filed his account, distributing the fund, and oppositions were filed thereto by the mortgage and lien creditors, and the order of the District Court, based on such oppositions, is the order presented for review.

Conceding that a proceeding in bankruptcy, where lien creditors were called in to assert their liens upon the property sold, might be a proceeding in concursu, within the meaning of Act No. 134 of 1906, though the lienholders were not expressly required to come in and object to the solvency of the surety for the performance of a building contract, yet in the instant case we think the bankruptcy proceedings cannot be so construed. The trustee in bankruptcy, by his motion to erase the appellants' inscription of liens, expressly prayed that their liens might be transferred from the property sold to the proceeds of the sale, and the court so directed by the order made on the trustee's motion. The litigation thereupon proceeded in the bankruptcy court, upon the theory that appellants, by virtue of their liens, had an interest in the fund that arose from the proceeds of the sale of the property. The appellees participated in this litigation long after the 10 days the appellants had within which to object to the sufficiency of the surety had expired. In view of this state of the record, it is apparent that the trustees and appellees have both treated the appellants as having an interest in the proceeds of the sale, and as being entitled to have their liens satisfied out of them, if they were held to prime appellees' mortgage.

In response to appellants' petition for a rehearing, the decree appealed from confirmed the referee's order dismissing the oppositions filed by the lien creditors, and establishing the priority of the mortgage, and directed the payment of the mortgage and costs out of the proceeds of the sale. By reference to the opinion of the District Judge, it appears that he found that none of the liens had been seasonably recorded. The appellants appealed from this decree. Their appeal presented the issue of the existence of the appellants' liens and the extent of them, and no cross-appeal by appellees was necessary to present that issue.

The case of Equitable Real Estate Co. v. National Surety Co., 133 La. 474, 63 South. 104, cited by appellants, is to be distinguished from the instant case, in that the material in that case was unused when the second building contract was entered into, and was thereafter used by the second contractor in the construction of the building. In this case, on the contrary, the material furnished the owner before the building contract was made was used by the owner, and was part of the building before the building contract was entered into. It was

therefore furnished to the owner, and not taken over by the contractor, and a lien could be perfected to secure it only by the method provided by law in cases of material furnished the owner. Failing to seasonably adopt that method, the furnisher became an unsecured creditor of the owner.

Interest at 5 per cent. from the date material was furnished should be allowed lienholders whose liens are held to prime the mortgage. With this modification, the previous order of the court is confirmed, and the petitions for rehearing denied; and it is so ordered.